[Nos. 57867-2, 57972-5.   En Banc.   September 10, 1992.]

THE CITY OF AUBURN, *Respondent*, v. JAMES A.
BROOKE, *Petitioner.*
THE CITY OF SEATTLE, *Respondent*, v. CASPER
SCOTT WANDLER, *Petitioner.*

624

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for petitioner Brooke.

*C. Wesley Richards, Elaine Winters,* and *Jeffrey E. Ellis* of *Seattle-King County Public Defender Association,* for petitioner Wandler.

*Stephen R. Shelton, City Attorney,* and *Judith C. Ausman, Assistant,* for respondent Auburn.

*Mark H. Sidran, City Attorney,* and *Margaret M. Boyle, Assistant,* for respondent Seattle.

*Nancy L. Talner* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for petitioners.

ANDERSEN, J. —

### FACTS OF CASE

These two consolidated cases involve the constitutional requirements for misdemeanor and gross misdemeanor citations used as final charging documents.

### AUBURN V. BROOKE

On March 18, 1987, the City of Auburn charged James A. Brooke by citation with disorderly conduct and trespass. The citation was issued by a police officer at the scene of the alleged crimes. The trespass charge was ultimately dismissed and is not in issue. The citation described the disorderly conduct charge simply as follows:

"9.40.010(A)(2) Disorderly Conduct."

On April 21, 1987, Brooke pleaded guilty to this charge and was sentenced to 90 days in jail (60 days suspended) and fined $500 ($300 suspended).

Brooke subsequently moved to set aside his guilty plea on grounds not relevant here. The Superior Court refused to set the plea aside. Brooke sought review in the Court of Appeals arguing for the first time that the disorderly conduct citation, also used as the final charging document, was constitutionally defective because it failed to include all of the essential elements of the crime charged. The Court of Appeals granted review on the sole issue of whether the charging document was sufficient.

The Court of Appeals concluded that the citation was a constitutionally adequate charging document and affirmed Brooke's conviction. *Auburn v. Brooke*, 60 Wn. App. 87, 803 P.2d 1325 (1991). We accepted review and consolidated the *Brooke* case with *Seattle v. Wandler*, 60 Wn. App. 309, 803 P.2d 833, *review granted*, 117 Wn.2d 1008 (1991).

SEATTLE V. WANDLER

On February 3, 1987, Casper Scott Wandler was charged with two violations of the Seattle Municipal Code. The citation was signed by the two investigating police officers and described the offenses as follows:

"11.56.420 Hit/Run; Attended" and "11.56.020(B) DWI".

Wandler did not sign the citation; in place of his signature appears the word "refused". Wandler was booked into jail following his refusal to sign the citation. The parties have stipulated that some initials appearing on the citation (which was the only charging document used) represent the signature of an assistant city attorney. At his municipal court trial, a jury found Wandler guilty of hit and run driving, and not guilty of driving while intoxicated.

Wandler appealed the hit and run driving conviction to the Superior Court on several grounds not relevant here and the Superior Court affirmed the conviction. The Court of Appeals granted review on the issue of the validity of the Seattle ordinance and also on the issue of the constitutional

sufficiency of the citation also used as the final charging document. Wandler first raised the issue of the constitutionality of the charging document in the Court of Appeals. That court affirmed the conviction holding the Seattle ordinance valid and, relying on the *Brooke* decision, held that the citation was a constitutionally adequate final charging document. *Seattle v. Wandler*, 60 Wn. App. 309, 803 P.2d 833, *review granted*, 117 Wn.2d 1008 (1991).

We accepted review of *Wandler* on the sole issue of the sufficiency of the citation as the charging document.

These consolidated cases present a single issue.

## ISSUE

Does a misdemeanor or gross misdemeanor citation used as the final charging document in a criminal prosecution satisfy the "essential elements" rule if it states only a numerical code section and the name of a criminal offense?

## DECISION

CONCLUSION. The essential elements rule applies to all charging documents, including citations used as final charging documents; the recitation of no more than a numerical code section and the title of an offense does not satisfy that rule unless such abbreviated form contains all essential elements of the crime(s) charged.

▆▆▆ An accused must be informed of the criminal charge he or she is to meet at trial and cannot be tried for an offense which has not been charged.[1] It has long been settled law in this state that all essential statutory[2] elements of a crime must be included in the charging document in order to afford notice to an accused of the nature and cause of an accusation against the accused.[3] This rule of law is

---

[1] *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988).

[2] *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991) recently held that nonstatutory essential elements must also be included in a charging document.

[3] *Kjorsvik*, 117 Wn.2d at 97; *State v. Leach*, 113 Wn.2d 679, 688, 782 P.2d 552 (1989) (citing *Leonard v. Territory*, 2 Wash. Terr. 381, 392, 7 P. 872 (1885)); *State v. Holt*, 104 Wn.2d 315, 704 P.2d 1189 (1985).

based on Const. art. 1, § 22 (amend. 10) and on the Sixth Amendment; it is generally referred to as the essential elements rule. Many of the cases in this court which have applied the essential elements rule were misdemeanor and gross misdemeanor prosecutions.[4]

In the fairly recent case of *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), we addressed the issue of whether a charging document, involving a misdemeanor offense filed in a court of limited jurisdiction, must state all the statutory elements of the alleged crime in order to satisfy due process. Our unanimous opinion in *Leach* stated:

> In holding that a charging document which omits a statutory element of the crime charged violates a defendant's constitutional rights, the court in [*State v.*] *Holt*[, 104 Wn.2d 315, 704 P.2d 1189 (1985)] did not distinguish between misdemeanors and felonies, nor between complaints and citations. In applying the *Holt* rule, there is no logical reason to distinguish between complaints and citations or felonies and misdemeanors. If a misdemeanor citation or complaint omits a statutory element of the charged offense, the document is constitutionally defective for failure to state an offense and is subject to dismissal.

*Leach*, 113 Wn.2d at 687. *Leach* also reiterated that "[a] defendant's due process right to notice of the offense charged does not depend upon whether the charging document is a complaint or a citation and notice."[5]

Relying on *Leach*, the respondent cities argue that while misdemeanor *complaints* have to satisfy the essential elements rule, misdemeanor and gross misdemeanor *citations*[6] do not have to state the essential elements of the crime

---

[4]*See, e.g., State v. Carey*, 4 Wash. 424, 30 P. 729 (1892); *State v. Heath*, 57 Wash. 246, 106 P. 756 (1910); *Seattle v. Jordan*, 134 Wash. 30, 235 P. 6 (1925); *Seattle v. Proctor*, 183 Wash. 299, 48 P.2d 241 (1935); *Seattle v. Morrow*, 45 Wn.2d 27, 273 P.2d 238 (1954); *State v. Moser*, 41 Wn.2d 29, 246 P.2d 1101 (1952).

[5]*Leach*, 113 Wn.2d at 694.

[6]A citation may be issued to a defendant at the scene of an offense by a police officer and is deemed to be a complaint when certain requirements are met. CrRLJ 2.1(b)(1), (6); former JCrR 2.01(b)(4).

charged. This appears to be a misunderstanding of a distinction drawn in *Leach*. *Leach*, 113 Wn.2d at 697-98 states as follows:

> Although the *constitutional requirement for adequate notice is the same* whether that notice is given by complaint or by citation and notice, there is a logical basis for reasonably distinguishing between misdemeanor defendants issued citations and those served with complaints. Complaints must be more detailed since they are issued by a prosecutor who was not present at the scene of the crime. Defining the crime with more specificity in a complaint assists a defendant in determining the particular *incident* to which the complaint refers. Citations, however, are generally issued by law enforcement officers who have personal contact with defendants at the scene. Defendants charged by citation are necessarily aware of the particular *incidents* for which officers are charging them. They presumably know the *facts* underlying their charges. Further, the citation charging procedure permits officers to initiate prosecutions without unjustifiable expense and delay. In addition, the procedure under CrRLJ 2.1(b) facilitates an officer's ability to charge defendants at the scene and then to release those persons for whom jailing is unnecessary. Differing procedures and requirements for charging by complaint and by citation and notice do not violate due process and equal protection rights.

(Footnotes and citations omitted. Some italics ours.)

The cities conclude from this that the *elements of the crime* need not be stated in a citation even when it is used as the final charging document in a criminal prosecution. If we accepted this contention, the effect would be that one defendant charged by complaint would be afforded a statement of the essential elements of the crime charged while another defendant charged with the identical crime by citation used as a final charging document would not have to be given a statement of the essential elements of the crime charged. *Leach* does not lead to such an anomalous result.

█ To understand the distinction in *Leach*, it is helpful to look to the purpose and function of charging documents. The primary purpose is to give notice to an accused so a defense can be prepared.[7] There are two aspects of this

---

[7]*Kjorsvik*, 117 Wn.2d at 101.

notice function involved in a charging document: (1) the description (*elements*) of the crime charged; and (2) a description of the specific *conduct* of the defendant which allegedly constituted that crime. As we recently made clear in *Kjorsvik*,[8] the "core holding of *Leach* requires that the defendant be apprised of the elements of the crime charged and the conduct of the defendant which is alleged to have constituted that crime." *Leach* noted that often charging documents are written by alleging specific facts which support each element of the crime charged.[9]

Although *Leach* stated that the *facts* need not be as detailed in a citation because it is issued at the scene of the alleged crime, it did not say that a citation need not set out the essential *elements of the crime* charged. In fact, *Leach* specifically held that a citation describing an offense as DWI (the well known acronym for Driving While Intoxicated) was sufficient *because* it was "a complete statement of the statutory elements constituting the offense charged".[10] Any misconception in this regard engendered by *Leach* should have been put to rest by *Seattle v. Hein*, 115 Wn.2d 555, 799 P.2d 734 (1990).

In *Hein*, the defendant was convicted of violating Seattle Municipal Code (S.M.C.) 11.56.020(B) (being in actual physical control of a vehicle while intoxicated). The Superior Court reversed the conviction on the ground that the citation, also used as the final charging document, described the offense only by municipal code section number and the words "physical control". The City sought review in the Court of Appeals which deferred consideration of the motion pending our opinion in *Leach*, and thereafter denied review. The City thereupon petitioned this court for discretionary review.

This court's commissioner denied review, declaring that *Leach* nowhere suggests that a different constitutional stan-

---

[8]*Kjorsvik*, 117 Wn.2d at 98.

[9]*Leach*, 113 Wn.2d at 688.

[10]*Leach*, 113 Wn.2d at 695.

dard applies to citations and that reference in the citation to a code section will not remedy the omission of an element of the crime. We denied the motion to modify the commissioner's ruling by a per curiam opinion, holding:

> The City of Seattle's motion to modify the ruling of the Commissioner of this court in the above entitled case is denied. The essential elements rule, discussed in *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), applies to citations.

*Hein*, 115 Wn.2d at 556.

The respondent cities also argue that compliance with the Washington Rules of Court should satisfy all constitutional requirements for citations which are also used as final charging documents.

At the outset, it is necessary to clarify one point. The parties hereto in their briefing to this court, as well as both Court of Appeals decisions presently before us, rely upon the Criminal Rules for Courts of Limited Jurisdiction (CrRLJ). These rules, however, did not supersede the Justice Court Criminal Rules (JCrR) until September 1, 1987, after these alleged offenses occurred.[11]

In the *Brooke* case, the date of the alleged crime was March 17, 1987, and the issuance of the charging document was March 18, 1987. In the *Wandler* case, the date of the alleged crime and issuance of the charging document was February 3, 1987. Therefore, the correct rules to be applied in both cases are the Justice Court Criminal Rules (JCrR).

While the interests of accuracy require us to note this clarification, it does not make a significant difference in the ultimate outcome of the cases because the relevant rules are quite similar. The one meaningful difference between those two rules is that CrRLJ 2.1(b)(3)(iii) (cited by the Court of Appeals as well as the parties) replaced JCrR 2.01(b)(2)(iii) and added that a citation should also include the "numerical code section". In fact, the citations in both *Brooke* and *Wandler* do include the numerical code sections.

---

[11]Official Rules of Court, Table of Adoptions and Amendments; 108 Wn.2d 1149; *Leach*, 113 Wn.2d at 685 n.5.

632

Former JCrR 2.01(b), applicable to the cases before us, states in part:

(1) *Issuance*. Whenever a person is arrested for a violation of law which is punishable as a misdemeanor or gross misdemeanor the arresting officer, or any other authorized peace officer, may serve upon the arrested person a citation and notice to appear in court, in lieu of continued custody.

. . .

(2) *Contents*. The citation and notice shall include:
(i) the name of the court and a space for the court's docket, case or file number;
(ii) the name of the person, his address, date of birth, and sex;
(iii) the date, time, place[12] and description of the offense charged, the date on which the citation was issued, and the name of the citing officer;

. . .

(v) a space for the person to sign a promise to appear.
(3) *Release*. To secure his release, the person must give his written promise to appear in court as required by the citation and notice served.
(4) *Certificate*. The citation and notice to appear shall contain a form of certificate by the citing official that he certifies, under penalties of perjury, . . . that he has reasonable grounds to believe, and does believe, the person committed the offense contrary to law. . . . Such citation and notice when signed by the citing officer and filed with a court of competent jurisdiction shall be deemed a lawful complaint for the purpose of initiating prosecution of the offense charged therein.
(5) *Additional Information*. The citation and notice may also contain such identifying and additional information as may be necessary.

We do not perceive any conflict between the rule that the essential elements of the crime must be included in a charging document and the requirements of the old or new rule since both rules require a "description of the offense charged". This is congruent with the requirements of the essential elements rule.

■ As *Leach* made clear, however, even if the court rules did conflict with the constitutional requirements of the essential elements rule, the court rules cannot diminish constitutional rights.

---

[12]The new rule adds the words "numerical code section" to the list in subsection (iii). CrRLJ 2.1(b)(3)(iii).

> A defendant's due process right to notice of the offense charged does not depend upon whether the charging document is a complaint or a citation and notice. The requirement of CrRLJ 2.1(b)(3)(iii) that the citation contain a "description of the offense charged" does not circumvent the constitutional requirement that the citation must apprise defendants with reasonable certainty of the nature of the accusations against them. . . . While the Criminal Rules for Courts of Limited Jurisdiction present efficient procedures for initiating prosecution of misdemeanor crimes in courts of limited jurisdiction, application of the rules must not abridge a defendant's constitutional rights.

(Footnote omitted.) *State v. Leach*, 113 Wn.2d 679, 694-95, 782 P.2d 552 (1989). *See also State v. Pelkey*, 109 Wn.2d 484, 490, 745 P.2d 854 (1987) (court cannot sustain an interpretation of a court rule which contravenes the constitution); CrRLJ 1.1 ("These rules shall not be construed to affect or derogate from the constitutional rights of any defendant.").

The respondent cities also rely upon CrRLJ 2.4(b). The predecessor of that rule, JCrR 2.04(b), applies to the cases before us; it declares as follows:

> **Citation and Notice.** No citation and notice issued pursuant to the provisions of rule 2.01(b) shall be deemed insufficient for failure to contain a definite statement of the essential facts constituting the specific offense with which the defendant is charged, nor by reason of defects or imperfections which do not tend to prejudice substantial rights of the defendant. Any defendant upon request shall be entitled as a matter of right to a bill of particulars.[13]

We discern no conflict between this rule and the requirement that the essential elements of the alleged crime must be included in all charging documents. We decline to interpret court rules so as to diminish constitutional rights. The declaration in the foregoing court rules that no citation is insufficient for failure to contain essential *facts* is consistent with the *Leach* distinction that detailed *facts* are not required when an officer gives a citation to the accused at the scene of the alleged crime because the accused will

---

[13]The newer rule, CrRLJ 2.4(b), has made the granting of a bill of particulars discretionary with the court. *See generally* 4A L. Orland & K. Tegland, Wash. Prac., *Rules Practice* 776 (4th ed. 1990).

know the "incident" to which the charge refers. By knowing the facts, however, the accused will not necessarily know what crime is being charged, its definition, or the elements of that offense.

The City of Seattle argues that since the "essential facts" are known to the defendant Wandler, a requirement that the citation include the statutory elements of the crime is unnecessary and unreasonable. This argument is not tenable because it assumes a defendant's actions always constitute the "essential facts", *i.e.*, that the defendant is always guilty of the crime charged.

In *Brooke*, the Court of Appeals concluded that a citation must be deemed sufficient if it contains a reference to the numerical code section number of the offense along with a brief description of the offense, that court's reasoning being it is unrealistic to expect arresting police officers to know the elements of every crime.[14] Under the Washington Rules of Court, an officer is required to certify on the citation, under penalty of perjury, that he or she has reasonable grounds to believe the person cited has committed the offense.[15] It is difficult to understand how such a certification could be made absent at least some knowledge of the elements of the offense.

█ In any event, even though an officer in the field may not know (or have access to) a listing of elements of an offense for which a citation is issued, under the court rules above referred to, a citation may be amended if the defendant is not prejudiced thereby.[16] The amendment rule is a liberal one and should ordinarily permit any necessary amendments.

█ The only reasoned basis by which we could uphold the Court of Appeals decisions herein would be to conclude that

---

[14]*Auburn v. Brooke*, 60 Wn. App. 87, 93, 803 P.2d 1325 (1991).

[15]JCrR 2.01(b)(4). *See* CrRLJ 2.1(b)(5) (probable cause).

[16]JCrR 4.10; CrRLJ 2.4(f); *State v. Leach*, 113 Wn.2d 679, 694, 782 P.2d 552 (1989).

a reference in a citation to the numerical code section defining the offense incorporates the contents of that code section into the citation used as a final charging document. The very real problem with so concluding, however, is that the defendant would have the burden of locating the relevant code (in these cases the former Auburn Code and the Seattle Municipal Code) and determining the elements of the offense from the proper code section. In misdemeanor and gross misdemeanor cases especially, where defendants are often unrepresented by counsel, that is an unfair burden to place on an accused.

In many cases, people who are issued citations will simply pay the fine, and may even serve jail time, without taking the time and expense required to hire counsel or to mount their own defense. It is only fair that those accused of all crimes, however minor, be informed of the elements of the charges against them before they decide to forgo a defense. We have repeatedly said that defendants should not have to search for the rules or regulations they are accused of violating.[17]

A long line of cases have held that it is sufficient to charge in the *language* of the statute if the statute defines the offense with certainty.[18] As *Leach* explained (citing to *State v. Royse*, 66 Wn.2d 552, 557, 403 P.2d 838 (1965)), an information must state the acts constituting the offense in ordinary and concise language and should not just state the name of the offense.[19]

■ ■ Since we reaffirm *Leach* and *Hein*, as further explained herein, the proper analysis by which to consider the sufficiency of these charging documents is that found in our recent opinion in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991). *Kjorsvik* held that all elements of a crime

---

[17]*State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991); *State v. Jeske*, 87 Wn.2d 760, 765, 558 P.2d 162 (1976).

[18]*Kjorsvik*, 117 Wn.2d at 99 n.4 and cases cited therein.

[19]*Leach*, 113 Wn.2d at 689.

must be included in the charging document.[20] It also held that the constitutionality of a charging document can be first raised on appeal but will be more liberally construed in favor of validity if not challenged until after verdict. *Kjorsvik*, 117 Wn.2d at 102. We also held that if such issue is raised for the first time on appeal, the 2-prong *Kjorsvik* test asks: (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice. The first prong of the test looks to the face of the charging document itself and there must be some language in the document giving at least some indication of the missing element.[21] One does not reach the second or prejudice prong unless there is some language relating to the element — however inartful — in the document. In the cases before us, the citations make no attempt to state the elements or the facts supporting the elements; they merely state the numerical code sections defining the offenses and the titles of the offenses alleged.

### Brooke

The citation in *Brooke* simply stated:

"9.40.010(A)(2) Disorderly Conduct."

It is not even apparent from the citation that the numerical section cited refers to the former Auburn City Code, though the parties agree that it does. The former version of Auburn City Code 9.40.010(A)(2), in effect when Brooke allegedly committed his offense, stated:

> A. A person is guilty of disorderly conduct if, with a purpose to cause public danger, alarm, disorder, nuisance, or if with the knowledge that he is likely to create such public danger, alarm, disorder or nuisance, he willfully:
>
> . . .

---

[20]In a footnote in *Kjorsvik*, we observed that we declined therein to address the issue of sufficiency of misdemeanor citations because that issue was not before this court, and because the Court of Appeals cases presently before us were pending at that time. *Kjorsvik*, 117 Wn.2d at 97 n.1.

[21]*Kjorsvik*, 117 Wn.2d at 106.

2. Engages in fighting or in violent, threatening or tumultuous behavior; . . .

The City of Auburn concedes that the citation did not specify the elements of the offense alleged in the citation.

## Wandler

Mr. Wandler argues that the citation issued to him, also used as the final charging document, was a complaint and not a citation since he refused to sign it — and also because it was initialed by a city attorney as well as being signed by the issuing police officers.

The critical difference between a citation and a complaint is that a citation is issued by a police officer whereas a complaint is issued and signed by a prosecutor.[22] An officer is allowed to issue a citation without prior approval of a prosecutor,[23] and when signed and certified by the officer and properly filed, it is deemed a lawful complaint for the purpose of initiating prosecution.[24] The signature of the accused thereon is just a promise to appear and allows an officer to release the individual based on that promise.[25]

The charging document in the *Leach* case (Elverston portion) was also unsigned by the accused and signed by both a prosecutor and the issuing police officer. In *Leach*, we treated that document as a citation rather than a complaint. The Court of Appeals decision in *Wandler* correctly concluded that lack of the defendant's signature and the presence of a prosecutor's initials did not convert the charging document from a citation into a complaint. However, as noted, even a citation must comport with the essential elements rule.

The charging document in *Wandler* stated:
"11.56.420 Hit/Run; Attended".

---

[22]JCrR 2.01; CrRLJ 2.1; *Leach*, 113 Wn.2d at 698.

[23]*Leach*, 113 Wn.2d at 686; JCrR 2.01(b)(1); CrRLJ 2.1(b)(1).

[24]JCrR 2.01(b)(4); CrRLJ 2.1(b)(6).

[25]JCrR 2.01(b)(2)(v), (3); CrRLJ 2.1(b)(3)(v), (4).

The parties agree the numerical citation refers to the Seattle Municipal Code. S.M.C. 11.56.420 states:

**Hit and run (attended) — Duty in case of accident with occupied vehicle.**

The operator of any vehicle involved in an accident resulting in damage to a vehicle which is operated or occupied by any person shall do the following:

A. Immediately stop such vehicle at the scene of the collision, or as close thereto as possible, and forthwith return to and remain at the scene of such accident until he or she has done the following; and

B. Give his or her name, address and vehicle license number, and exhibit his or her vehicle operator's license, to the operator or any occupant of the other vehicle; and

C. Render to any person involved in such accident reasonable assistance including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment may be necessary or if such carrying is requested by the person involved in the accident or on his or [her] behalf. Under no circumstances shall the rendering of assistance or other compliance with the provisions of this section be evidence of the liability of any operator for such accident.

The City of Seattle also concedes that the citation did not specify the elements of the alleged offense.

Applying the first prong of *Kjorsvik*, it is apparent from the record that in each of the cases before us the necessary elements of the offenses alleged do not appear in any form in the charging documents. Hence, we do not reach the second or prejudice prong of *Kjorsvik*. And since the essential elements rule applies to misdemeanor and gross misdemeanor citations, the citations herein are defective as final charging documents and the convictions based thereon must be reversed and the charges dismissed without prejudice.[26]

The cities have suggested that our continued adherence to *Hein* and *Leach* will result in an avalanche of reversals of misdemeanor and gross misdemeanor convictions. We do not accept this as a likely result for several reasons. First, we presume prosecutors have generally understood from

---

[26]*Holt*, 104 Wn.2d at 323; *Leach*, 113 Wn.2d at 687.

*Leach* and *Hein,* if not before, that the essential elements rule applies to all final charging documents. In any event, and as a practical matter, this ruling will usually apply only to cases in which convictions are not yet final. Persons convicted of misdemeanors and gross misdemeanors who raise the issue of an insufficient charging document on collateral attack must establish that their rights were actually and substantially prejudiced.[27] If a petitioner fails to meet the threshold burden of showing actual prejudice arising from constitutional error, the petition will be dismissed.[28] Errors in final charging documents do not constitute per se prejudicial error on collateral review.[29]

Furthermore, even if a conviction is reversed due to an insufficient charging document, the result is a dismissal without prejudice to the right of the municipality or state to recharge and retry if it so chooses. Our state and federal constitutions both permit retrial after a conviction is reversed due to a defect in a charging document.[30] Similarly, statutes of limitation usually do not bar recharging a defendant whose conviction has been reversed due to a defective charging document.[31]

Based on the foregoing, petitioner James A. Brooke's conviction for disorderly conduct and petitioner Casper S.

---

[27]*In re Cook,* 114 Wn.2d 802, 810-11, 792 P.2d 506 (1990); *In re St. Pierre,* 118 Wn.2d 321, 328, 823 P.2d 492 (1992); *In re Williams,* 111 Wn.2d 353, 364, 759 P.2d 436 (1988).

[28]*Williams,* 111 Wn.2d at 364.

[29]*In re St. Pierre,* 118 Wn.2d at 329.

[30]*Montana v. Hall,* 481 U.S. 400, 95 L. Ed. 2d 354, 107 S. Ct. 1825 (1987); *Ball v. United States,* 163 U.S. 662, 41 L. Ed. 300, 16 S. Ct. 1192 (1896); *United States v. Pomponio,* 517 F.2d 460, 463 (4th Cir.), *cert. denied,* 423 U.S. 1015 (1975); *State v. Irizarry,* 111 Wn.2d 591, 763 P.2d 432 (1988); *State v. Markle,* 118 Wn.2d 424, 441, 823 P.2d 1101 (1992) (quoting *State v. Anderson,* 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied,* 459 U.S. 842 (1982)).

[31]*See* RCW 9A.04.080(3).

Wandler's conviction for hit and run driving are reversed and remanded for dismissal of the charges without prejudice to the refiling of the charges against them.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.