[No. 30213-2-I.    Division One.    September 12, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
LEONARD ARSENEAU, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

KENNEDY, J. — Robert Leonard Arseneau appeals the trial court's judgment and sentence following his guilty plea to four counts of first degree incest. He argues, *inter alia,* that the charges should be dismissed pursuant to *State v. Kjorsvik,* 117 Wn.2d 93, 98, 812 P.2d 86 (1991) because the information failed to charge him with a crime. The information did not state that the victim, Arseneau's stepdaughter, was under the age of 18 at the time of the offense. RCW 9A.64.020 does not criminalize sexual relations with a stepchild unless that child is under 18 years of age.[1] We conclude that the age of a stepchild may provide a complete defense to first degree incest but is not a statutory element which must be set forth in the information. We also conclude that the State's election to use the word "stepdaughter" in place of the statutory word "descendant" did not render this information constitutionally insufficient. Accordingly, we affirm.[2]

## FACTS

Arseneau was charged with four counts of first degree incest. The information stated:

COUNT I. FIRST DEGREE INCEST, committed as follows: That the defendant, on or about the 10th day of June, 1989 through the 31st day of May, 1991, but an occasion separate and dis-

---

[1]RCW 9A.64.020 provides in relevant part:

"(1) A person is guilty of incest in the first degree if he engages in sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant[.]

". . . .

"(3) As used in this section, 'descendant' includes stepchildren and adopted children under eighteen years of age."

[2]Arseneau raises several additional contentions on appeal which we find to be without merit and which we treat in the unpublished portion of this opinion.

tinct from those in Counts II, III, and IV, did engage in sexual intercourse with [K.L.], a step-daughter of the defendant, who was known by the defendant to be so related; proscribed by RCW 9A.64.020(1), a felony.

Clerk's Papers, at 60. The remaining counts contained virtually identical language. The information did not specify the stepdaughter's age.

Arseneau originally pleaded not guilty, but agreed to change his plea to guilty on all four counts in return for the prosecutor's agreement to recommend concurrent sentences at the top of the standard range, 102 months.[3] Arseneau signed a statement on plea of guilty which reiterated the elements of first degree incest as worded in the information. When asked to state in his own words what he did that caused him to be charged with the crimes, Arseneau stated:

> In Snohomish County, on or about June 10, 1989 through May 31, 1991, in incidents separate and distinct from each other, I engaged in sexual intercourse with [K.L.], my stepdaughter. This occurred on four seperate [sic] and distinct different occassions [sic].

Clerk's Papers, at 51. Arseneau also said in the statement on plea of guilty: "I am aware that an affidavit of probable cause has been filed in this case. The court may consider this affidavit in deciding whether there is a factual basis for my plea." Clerk's Papers, at 52.

The affidavit of probable cause stated that Arseneau had had sexual intercourse with his stepdaughter, born June 9, 1973,[4] at least once a month since she turned 16.

At the plea hearing, the judge engaged in a colloquy with Arseneau to ascertain if Arseneau understood the consequences of the plea and was making the plea voluntarily. Arseneau responded that he understood the maximum and standard range sentences he faced, that the plea was his free and voluntary act, that he was aware that he had the

---

[3]Arseneau had three other current offenses as to each count, each of which increased the offender score by 3. This led to an offender score of 9 and the 77- to 102-month standard range.

[4]Thus, the stepdaughter's 18th birthday was June 9, 1991, a date beyond the charging dates of the information.

right to a trial, that he was under no threats or coercion when he signed the guilty plea agreement, and that he did, on four separate and distinct occasions, commit incest against his stepdaughter. The stepdaughter's age was not mentioned in the colloquy. However, the judge indicated that he had read the record and that the facts as disclosed in the court file justified a finding of guilty on all four counts. The judge then accepted Arseneau's guilty plea.

The sentencing judge[5] stated that he had considered the presentence report, the information and affidavit of probable cause, the stepdaughter's statement in court that she needed Arseneau to be imprisoned before she could begin treatment, and letters written by Arseneau to the stepdaughter. The judge then stated:

> I've considered the Information in this case, the charges, I believe four counts of incest, which establishes, at least by the Information, that they occurred over a period of time from June of '89 to May of '91, over a two-year period, with a person who is under the age of 18 years of age. . . . I'm relying on the Information, that it was ongoing, since she was five years old, that there was a pattern, clearly a pattern of ongoing abuse . . . over a substantial period of time, it's obvious from the information, the age of this child, that there is substantial evidence to support an exceptional sentence. I, therefore, will impose an exceptional sentence of 180 months in this particular case.

Report of Proceedings (Feb. 6, 1992), at 20-21. In the judgment and sentence the court imposed 102 months to run concurrently on each of the first three counts and 78 months on count 4 to run consecutively, for a total exceptional sentence of 180 months. This timely appeal followed.

## DISCUSSION

### I

### Sufficiency of the Information

RCW 9A.64.020 does not criminalize sexual intercourse with a stepchild unless that child is under 18 years of age. *See* RCW 9A.64.020(1), (3). Because the information did not state that Arseneau's stepdaughter was under the age of 18,

---

[5]The sentencing judge was not the same judge who conducted the plea hearing.

Arseneau argues that it failed to charge him with a crime. The State argues that, by pleading guilty, Arseneau waived his right to challenge the sufficiency of the information.[6]

In *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991), our Supreme Court concluded that "[a]ll essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him."[7] In *Auburn v. Brooke*, 119 Wn.2d 623, 625, 635-36, 836 P.2d 212 (1992), the *Kjorsvik* holding was applied following the appellant's plea of guilty to a charge of disorderly conduct contained in a citation which did not specify the elements of that crime.

For purposes of this appeal, we will assume (without holding) that Arseneau did not waive his right to challenge the constitutional sufficiency of the information by pleading guilty to the four charged counts of first degree incest, based on the Supreme Court's application of *Kjorsvik* in *Brooke*.[8] Accordingly, we will address the merits of Arseneau's appeal.

---

[6]Numerous Washington cases state that Washington adheres to the general rule that a plea of guilty waives all defenses except that the charging document fails to charge an offense (or that the court lacked jurisdiction, or that the statute was unconstitutional, or that double jeopardy bars the prosecution). *See, e.g., Brandon v. Webb*, 23 Wn.2d 155, 160, 160 P.2d 529 (1945); *State v. Saylors*, 70 Wn.2d 7, 9, 422 P.2d 477 (1966). *But see State v. Majors*, 94 Wn.2d 354, 356-58, 616 P.2d 1237 (1980); *In re Barr*, 102 Wn.2d 265, 271, 684 P.2d 712 (1984) (recognizing and applying the benefit of the bargain exception to the general rule). *But see also In re Hews*, 108 Wn.2d 579, 590-91, 594, 741 P.2d 983 (1987) (rejecting the notion that *Majors* and *Barr* stand for the proposition that a full understanding of the essential elements of the substituted charge is not required in the context of plea bargains).

The State asks us to apply the *Majors-Barr* benefit of the bargain exception in this appeal. As will be seen, however, we need not reach that issue.

[7]That holding is based on article 1, section 22 of the Washington Constitution and the sixth amendment to the United States Constitution. *See Kjorsvik*, 117 Wn.2d at 93.

[8]Although the *Brooke* opinion did not cite the general rule that a plea of guilty does not operate as a waiver of a challenge that the charging document fails to charge a crime (waiver by virtue of the guilty plea was apparently not argued) the *Brooke* ruling is consistent with that general rule.

We also note in passing that, unlike the plea bargains in *Majors* and *Barr*, cited in footnote 6, Arseneau's plea bargain does not involve a substituted, lesser charge. As did the defendant in *Brooke*, Arseneau pleaded guilty to the original charges.

We first hold that RCW 9A.64.020(3), which defines "descendant" as that word is used in RCW 9A.64.020(1) to include stepchildren and adopted children under the age of 18, is exactly what it purports to be, a *definitional* subsection.[9] By defining the word "descendant" as it did, the Legislature both expanded the class of potential incest victims and created a potential complete defense to a charge of first degree incest with a stepchild, but it did not create a new element. *Cf. State v. Garvin*, 28 Wn. App. 82, 85, 621 P.2d 215 (1980) (by defining "threat" as that word is used in the extortion statute "the legislature was not creating alternative elements to, but merely defining an element of, the crime"), *review denied*, 95 Wn.2d 1017 (1981); *State v. Davis*, 119 Wn.2d 657, 663-64, 835 P.2d 1039 (1992) (Supreme Court summarily rejected defendant's argument that the common law manners of committing assault are essential elements of fourth degree assault. *See also State v. Bland*, 71 Wn. App. 345, 352-53, 860 P.2d 1046 (1993) (assault is not defined in the criminal code; instead, courts rely on three common law definitions of assault)).

The elements of first degree incest as charged in this case are (1) engaging in sexual intercourse (2) with a person the defendant knows to be related to him (3) as a "descendant". *See* RCW 9A.64.020(1). *Accord* 11 Wash. Prac., *WPIC* 46.04 (2d ed. 1994) ("to convict" instruction for first degree incest setting forth elements of crime in accord with RCW 9A.64.020(1)) and WPIC 46.07 (defining "descendant" in accord with RCW 9A.64.020(3)).[10]

---

[9]*See also* RCW 9A.64.020(4), which defines "sexual contact" as that term is used in subsection (2) of the same statute, and RCW 9A.64.020(5), which defines "sexual intercourse" as that term is used in subsection (1) of the same statute.

[10]Although WPIC does not carry the force of law, we do note that the Washington Supreme Court Committee on Jury Instructions has treated RCW 9A.64.020(3) as a definitional subsection, as do we. In *Kjorsvik*, 117 Wn.2d at 102 n.13, the Supreme Court encouraged prosecutors to refer to WPIC as a handy reference for the elements of most crimes, in order to avoid issuing constitutionally insufficient charging documents.

We next consider whether the State rendered its information constitutionally insufficient by substituting the word "stepdaughter" for the statutory word "descendant" to describe K.L.'s relationship with Arseneau. By using the word "stepdaughter" the State effectively stated part of the definition of "descendant" as set forth in RCW 9A.64.020(3) but left out that part of the definition that decriminalizes sexual intercourse if the stepchild is 18 years of age or older.

In *Kjorsvik*, 117 Wn.2d at 108, the Supreme Court said that "it has never been necessary to use the exact words of a statute in a charging document; it is sufficient if words conveying the same meaning and import are used." (Citations omitted.) The Court also said, "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." (Citation omitted.) *Kjorsvik*, 117 Wn.2d at 109.

In *State v. Rhode*, 63 Wn. App. 630, 636, 821 P.2d 492 (1991), *review denied*, 118 Wn.2d 1022 (1992), this court held that the use of the word "attempt" in an information charging attempted first degree murder was sufficient to encompass the statutory definition of criminal attempt, including the "substantial step" requirement. In so ruling, we noted that " 'it is sufficient to charge in the language of the statute if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation.' " *Rhode*, 63 Wn. App. at 634 (quoting *State v. Leach*, 113 Wn.2d 679, 686, 782 P.2d 552 (1989)).

With these factors in mind, we now apply the 2-prong analysis set forth in *Kjorsvik*, 117 Wn.2d at 105-06: (1) do the necessary facts appear in any form in this challenged information, or by a fair construction can they be found;[11] (2) if so, can the defendant nonetheless show actual prejudice (lack of notice) by reason of the unartful language?

We hold that, liberally construed, the word "stepdaughter" in place of the statutory word "descendant" ade-

---

[11]Because Arseneau challenges the sufficiency of this information for the first time on appeal, the language in the charging document is to be liberally construed. *Kjorsvik*, 117 Wn.2d at 104-05.

quately encompasses the necessary statutory fact that incest with a stepchild is only a crime in Washington if the stepchild is under the age of 18. *Cf. Rhode,* 63 Wn. App. at 636 (word "attempt" was sufficient to encompass statutory definition of criminal attempt). The word "descendant" usually means "one that is descended from another or from a common stock . . . a lineal or collateral blood relative . . .", *Webster's Third New International Dictionary* 609 (1976), so that an accused person who is charged in the exact language of the statute could initially conclude, mistakenly, that the named victim, his stepchild, is not his "descendant" and, therefore, that the information does not charge a crime, or that he has a complete defense to the charge because his stepchild is not his "descendant". The use of the word "stepdaughter" cures that potential mistake without depriving the accused person of the true potential statutory defense, *i.e.,* that he has a complete defense if his stepdaughter is, in fact, 18 years of age or older.

▮ It has never been held in Washington that a charging document must inform the defendant of his potential statutory or common law defenses. We decline to so hold now. We conclude that Arseneau's information was constitutionally sufficient under the first prong of the *Kjorsvik* test.

As for the second prong, Arseneau does not contend that there was any actual prejudice by reason of the unartful language contained in the information. To the contrary, he admitted during oral argument for this appeal that the language there employed had nothing to do with his decision to plead guilty. He stipulated to the use of the affidavit of probable cause by the court in its determination that there was a factual basis for his plea. Clerk's Papers, at 52. That affidavit contained K.L.'s birthdate. It is undisputed that K.L. was under the age of 18 all during the charging period. The sentencing judge specifically stated that K.L. was under the age of 18. Report of Proceedings (Feb. 6, 1992), at 20-21. We conclude that Arseneau's information was constitutionally sufficient under the second prong of the *Kjorsvik* test.

Affirmed.

A majority of this panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER, C.J., and COLEMAN, J., concur.

Reconsideration denied September 30, 1994.

Review denied at 126 Wn.2d 1006 (1995).