# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                          Respondent,<br><br>                  v.<br><br>HARRY LEE JONES JR.,<br><br>                        Appellant. | DIVISION ONE<br><br>No. 82737-5-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Harry Jones entered guilty pleas to assault in the first degree and robbery in the first degree. On appeal, he contends that (1) the charging document was deficient because it did not include all of the essential elements of robbery, (2) his plea was not knowing and voluntary, and (3) the trial court erred by denying his motion to withdraw his plea on the basis of ineffective assistance of counsel. Because he does not show an entitlement to relief, we affirm.

I

On May 16, 2018, Harry Jones and two others confronted Edgar Salazar with a firearm in the parking lot of a motel.[1] Jones demanded money from Salazar, then forced him into his motel room and beat him with the butt of the gun while demanding that Salazar get into the bathtub. Salazar gave Jones several hundred dollars but refused to get into the bathtub. Salazar then unsuccessfully attempted to take possession of the gun. Jones responded by

---

[1] As this appeal arises from a guilty plea, these facts are as described in the affidavit of probable cause.

shooting Salazar 12 times before leaving the hotel room. Salazar was seriously injured but survived.

Jones was charged with assault in the first degree while armed with a firearm and while on community custody and robbery in the first degree while on community custody. On September 4, 2019, Jones pleaded guilty as charged.

Prior to sentencing, Jones expressed a desire to withdraw his plea, alleging that he had been provided with constitutionally ineffective assistance of counsel. Substitute counsel was appointed. This attorney brought the motion desired by Jones. After a hearing at which Jones's initial counsel testified, the trial court determined that Jones had not been denied effective assistance of counsel and denied the motion to withdraw his plea.

Jones appeals.

II

Jones first contends that the information charging him with robbery in the first degree was constitutionally defective because it failed to include all of the essential elements of robbery. This is so, according to Jones, because the information did not contain the "purpose" element of robbery. As the missing element can be fairly implied from the charging document, we disagree.

An accused has a right under both the state and federal constitutions to be informed of each criminal charge alleged so that the accused may adequately prepare a defense for trial. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State must provide a charging document that sets forth "all essential

elements of the crime, statutory or otherwise, and the particular facts supporting them." State v. Hugdahl, 195 Wn.2d 319, 324, 458 P.3d 760 (2020).

"The standard of review for evaluating the sufficiency of a charging document is determined by the time at which the motion challenging its sufficiency is made." State v. Taylor, 140 Wn.2d 229, 237, 996 P.2d 571 (2000).

When a defendant first challenges the sufficiency of the charging document after guilt is established, we employ the two-part test set forth in State v. Kjorsvik, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991): "(1) do the necessary elements appear in any form, or by fair construction can they be found, in the information, and if so (2) can the defendant show he or she was actually prejudiced by the inartful language." State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000) (citing Kjorsvik, 117 Wn.2d at 105-06); City of Auburn v. Brooke, 119 Wn.2d 623, 636, 836 P.2d 212 (1992) (applying this standard to an appeal arising from a guilty plea).[2]  Under this rule, "even if there is an apparently missing element, it may be able to be fairly implied from language within the charging document." Kjorsvik, 117 Wn.2d at 104.

The essential elements of robbery are set forth by statute:

A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. *Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial.* Such taking constitutes robbery whenever it appears that, although the taking was fully

---

[2] This standard is appropriate whenever information is challenged after a conviction, regardless of its form.  A conviction is an "adjudication of guilt" and includes "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty."  RCW 9.94A.030(9).

completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.190 (emphasis added).

The second sentence of this statute constitutes the element that Jones avers was missing—the defendant's "purpose in using force."[3]  Our Supreme Court recently determined that the sentence at issue sets forth an element of robbery and creates an alternate means to commit the offense:

> [T]he second sentence of the statute makes clear that Washington has adopted the modern, transactional view of robbery, under which "a taking can be ongoing or continuing so that the later use of force to retain the property taken renders the actions a robbery." [State v. ]Handburgh, 119 Wn.2d [284,] 290[, 830 P.2d 641 (1992)] (discussing Washington's 1975 amendments to the robbery statute).  In other words, the second sentence of the robbery statute expands the range of behavior criminalized as robbery from the common law definition, making clear that "robbery" includes common law robbery (taking by force or fear), plus more (retaining by force or fear).
>
> *Thus, the second sentence essentially indicates that robbery is an alternative means crime. There are at least two ways to rob someone—taking by force or fear, or retaining by force or fear—but the State must prove only one of those ways to obtain a conviction.* [State v. ]Johnson, 155 Wn.2d 609, 121 P.3d 91 [(2005)]; [State v. ]Allen, 159 Wn.2d 1, 147 P.3d 581 [(2006)].

State v. Derri, __ Wn.2d __, 511 P.3d 1267, 1287 (2022) (emphasis added).

In relevant part, the information charging Jones alleged:

> That the defendant, on or about the 16th day of May, 2018 with intent to commit theft, did unlawfully *take* personal property of another, to wit: money and drugs, from the person or in the presence of Edgar Salazar, against such person's will, *by* use or threatened use of *immediate force*, violence *and fear* of injury to Edgar Salazar.

(Emphasis added.)

---

[3] Br. of Appellant at 18.

While the second sentence of the robbery statute is not repeated verbatim, it can be fairly implied from the charging document. Although the information did not use the statutory language, "[s]uch force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking," it did contain the relevant part of that element: "take . . .by…immediate force . . . and fear." See Derri, 511 P.3d at 1288 (information including the language "take . . . by . . . immediate force . . . and fear" was sufficient to fully inform defendant of the "relevant part of the element").[4]

This language thus fully informed Jones of the nature of the accusations against him, including the purpose of which he was accused of having for using or threatening force—to take personal property of another. Accordingly, Jones cannot demonstrate that he was actually prejudiced by the State's failure to quote the statute verbatim in the charging document.

III

Jones next contends that his plea was not made voluntarily[5] because he was not properly apprised of the charges against him. This is so, according to Jones, because of the absence of the take or retain by force or fear element in the charging document, as discussed in the previous section. As Jones was properly apprised of the charges against him, we disagree.

_____

[4] Indeed, on the guilty plea form, Jones admitted that he did precisely that which he was alleged to have done: "On May 16, 2018, in Snohomish County, Washington with intent to commit theft, I . . . did unlawfully take personal property of another, to wit: money and drugs from the person or in the presence of Edgar Salazar against such person's will, by use or threatened use of immediate force, violence, or fear of injury to Edgar Salazar."

[5] The substance of Jones's argument appears to be his plea was not made intelligently, not that his plea was made involuntarily.

"'Due process requires that a guilty plea may be accepted only upon a showing the accused understands the nature of the charge and enters the plea intelligently and voluntarily.'" State v. Buckman, 190 Wn.2d 51, 59, 409 P.3d 193 (2018) (quoting State v. A.N.J., 168 Wn.2d 91, 117, 225 P.3d 956 (2010)). A plea is not entered into intelligently if the defendant has not received "'real notice of the true nature of the charge against him.'" State v. Snider, ___ Wn.2d ___, 508 P.3d 1014, 1020 (2022) (internal quotation marks omitted) (quoting Bousley v. United States, 523 U.S. 614, 618, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998)). However, when a defendant pleads guilty after receiving a charging document that accurately describes the elements of the offense charged, the defendant's plea is presumed to be knowing, voluntary, and intelligent. Snider, 508 P.3d at 1020.

Jones argues that his plea was not intelligent and voluntary because the charging document failed to inform him of the taking or retaining by force or fear element discussed in the previous section. As explained in the previous section, Jones did in fact receive a charging document that accurately described the elements of the charged offense. Accordingly, Jones's assertion that he was not adequately informed of the charges against him is without merit.

IV

Finally, Jones contends that the trial court erred by denying his motion to withdraw his plea of guilty based on ineffective assistance of counsel. Because Jones does not demonstrate that his counsel was deficient, we disagree.

We review a claim of ineffective assistance of counsel de novo. A.N.J., 168 Wn.2d at 109. However, we review the trial court's factual findings at a hearing on a motion to withdraw a plea for substantial evidence. A.N.J., 168 Wn.2d at 106. Substantial evidence is that which is sufficient to persuade a fair-minded, rational person of the truth of the premise. State v. Quijas, 12 Wn. App. 2d 363, 369, 457 P.3d 1241 (2020). Credibility determinations are for the trier of fact and are not subject to review. State v. Cardenas-Flores, 189 Wn.2d 243, 266, 401 P.3d 19 (2017).

In order to establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the defense was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The defendant bears the burden to prove ineffective assistance of counsel. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). The failure to "reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty" constitutes deficient performance. A.N.J., 168 Wn.2d at 111-12. Counsel's conduct which can be characterized as a legitimate trial strategy or tactic is not deficient performance. State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

Jones avers that his initial counsel, Jennifer Bartlett, performed deficiently because she failed to interview witnesses, investigate viable defenses, and ensure that Jones was able to review all of the discovery before he entered his guilty plea. However, Bartlett testified that she had scheduled interviews with

witnesses and was in the process of scheduling more when Jones entered his plea of guilty, that she had indeed provided and reviewed all of the discovery with Jones, and that she had considered and discussed defenses with Jones. Furthermore, Bartlett testified that she had an interview scheduled the day after Jones accepted the plea offer, which was cancelled because Jones decided to plead guilty. The trial court determined that Bartlett's testimony was credible on these issues. We do not review such determinations of credibility. Cardenas-Flores, 189 Wn.2d at 266.

Jones asserts that Bartlett nevertheless performed deficiently because, as no interviews had taken place, Bartlett had not conducted a sufficient investigation prior to advising Jones to plead guilty. However, there are often legitimate strategic reasons to accept a plea offer prior to further or full investigation. See, e.g., State v. Martin, 94 Wn.2d 1, 8-9, 614 P.2d 164 (1980) (under then existing statute, defendant had a right to plead guilty at arraignment, and after doing so, could not be sentenced to death). Here, pleading guilty at the time that Jones did so was a legitimate tactic because the plea offer was time-limited by its terms.

Accordingly, the record does not support the factual allegations underlying Jones's ineffective assistance of counsel claim. Jones fails to demonstrate that Bartlett's performance was deficient. As he cannot demonstrate deficient performance, Jones also cannot show that he was prejudiced by deficient performance. Jones's contention that he was deprived of his right to constitutionally effective assistance of counsel thus fails.

No. 82737-5-I

Affirmed.

Dwyer, J.

WE CONCUR:

Chung, J.          Brummer, J

9