[Nos. 22232-9-II; 22244-2-II;    Division Two.    July 30, 1999.]
22245-1-II; 22246-9-II;
22281-7-II; 22299-0-II.

THE STATE OF WASHINGTON, *Respondent*, v. LEANE
MICHELE JOHNSTONE, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL WILSON
ABBOTT, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT CRAIG
LAWRENCE, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. NATHAN
KENNETH STOLTZ, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. MARK
SCAMMON GOSNELL, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. CHARISSA
ROMAINE NILES, *Appellant*.

*Douglas S. Boole*, for appellant Johnstone.

*Eleanor Marie Couto*, for appellant Abbott.

*Thad Eldred Scudder*, for appellant Lawrence.

*John A. Hays*, for appellant Stoltz.

*Robert W. Huffhines, Jr.*, for appellant Gosnell.

*Thomas A. Ladouceur*, for appellant Niles.

*James Jay Stonier, Prosecuting Attorney, Lisa Elizabeth Tabbut*, and *Edwin Nick Norton, Deputies*, for respondent.

ARMSTRONG, A.C.J. — The defendants were each convicted

of one count of intentional interference with owner's control, RCW 9.05.070. They raise several issues, including whether the information contained all the elements of the crime charged. Because the defendants' challenge was made before trial, we strictly construe the information and hold that it does not contain all the elements; accordingly, we reverse and dismiss the convictions without prejudice.

## PROCEDURE

Leane Michele Johnstone, Charissa Romaine Niles, Mark Scammon Gosnell, Daniel Wilson Abbott, Nathan Kenneth Stoltz, and Robert Craig Lawrence were charged with one count each of interference with owner's control and vehicle prowling in the first degree. Each defendant pleaded not guilty.

Pretrial, the defendants moved to dismiss the information for failure to allege a crime. Specifically, the defendants argued that the information was defective for not alleging, (1) which of the enterprises specified in RCW 9.05.060 they interfered with, and (2) that the particular enterprise employed persons "for wage," again as required by the statute. The trial court denied the motion. Later, the vehicle prowling charges were dismissed on a *Knapstad* motion,[1] but the State then filed a second count against each defendant alleging criminal trespass in the second degree.

During motions in limine before jury selection, the State told the court that "transportation" was the enterprise interfered with and asked the judge "would your Honor request that we prepare an Amended Information to that effect?" The judge replied, "I don't think we need it." The prosecutor inquired further, to which the judge replied, "The Information is broad, and I think technically, the Information is sufficient."

Ultimately, all six defendants were convicted of count I,

---

[1]*State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

"Sabotage,"[2] and acquitted of count II, criminal trespass in the second degree.

## FACTS

Early on the morning of October 29, 1996, the defendants boarded the ship *Super Rubin* while it was docked at the Port of Longview, Berth 7. The *Super Rubin* was being loaded with logs for transport to Japan. The defendants displayed banners protesting the exporting of logs to Japan.

When longshoremen arrived to begin loading, they noticed the defendants and notified the Port Director. He, in turn, called the Cowlitz County Sheriff's Office to assist in removing the boarders from the *Super Rubin*.

Sheriff's deputies arrived and asked the defendants to leave the ship. The defendants were told that they were interfering with the loading of logs onto the *Super Rubin*. But the defendants refused to leave the ship and avoided the deputies' attempts to remove them. Ultimately, all defendants either voluntarily surrendered to deputies or were physically removed from the ship. Although the *Super Rubin* sailed at its scheduled time, the boarding by the defendants cost the ship approximately 14 hours of additional loading time.

### A. Constitutionality of RCW 9.05.060 and 9.05.080[3]

The defendants contend that the statutes defining the charged crimes are unconstitutional. Several defendants argue that the sections are not severable and thus if one is unconstitutional, all are unconstitutional. But no defendant addresses the merits of the constitutional argument. Because the issue is not fully briefed, we decline to

---

[2]The State requested that count I of the information be referred to as "Interference with Owner's Control." The defendants, presumably for tactical reasons, wished count I to be referred to as "Sabotage." In the end, "Sabotage" won out.

[3]RCW 9.05.060 (amended effective July 25, 1999); RCW 9.05.080 (repealed effective July 25, 1999).

address it. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

## B. Essential Elements in the Information

RCW 9.05.070 states:

> Whoever, with intent to supplant, nullify or impair the owner's management or control of any enterprise described in RCW 9.05.060, shall unlawfully take or retain, or attempt or threaten unlawfully to take or retain, possession or control of any property or instrumentality used in such enterprise, shall be guilty of a felony.

"Enterprise" is defined in RCW 9.05.060 as "any agricultural, stockraising, lumbering, mining, quarrying, fishing, manufacturing, transportation, mercantile, or building enterprise wherein persons are employed for wage . . . ." RCW 9.05.060.

The information in the present case stated:

> The defendant, in the County of Cowlitz, State of Washington, on or about the 29th day of October, 1996, with intent to supplant, nullify, or impair the owner's management or control of any enterprise described in RCW 9.05.060, did feloniously and unlawfully take or retain and/or attempt to take or retain and/or did threaten to take or retain possession or control of any property or instrumentality used in such enterprise, to-wit: a vessel; contrary to RCW 9.05.070 and against the peace and dignity of the State of Washington.

■■ Both the Washington Constitution, article I, section 22, amendment 10, and the Sixth Amendment to the United States Constitution require that all essential elements of a crime, statutory or otherwise, be included in a charging document to give notice to an accused of the nature of the accusation. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Merely citing to the proper statute and naming the offense is insufficient unless the name of the offense apprises the defendant of all of the essential elements of the crime. *State v. Vangerpen*, 125 Wn.2d 782,

787, 888 P.2d 1177 (1995) (citation omitted). And the "primary goal of the 'essential elements' rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." *Kjorsvik*, 117 Wn.2d at 101 (citing 2 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure, § 19.2, at 446 (1984)).

■ The defendants argue that the information omits two essential elements: first, which of the enterprises specified in RCW 9.05.060 they interfered with; and second, that such enterprise was one "wherein persons are employed for a wage." Where an information is challenged under the "essential elements" rule before trial, as here, we strictly construe the language, i.e., we do not attempt to find the missing elements by construing the wording of the document. And the language must not be " 'inartful or vague' " in setting out the elements of the crime. *State v. Johnson*, 119 Wn.2d 143, 149-50, 829 P.2d 1078 (1992) (quoting *Kjorsvik*, 117 Wn.2d at 106).

■ The question here is whether the nature of the enterprise and the requirement that it must be one in which persons are employed for wage are elements of the offense charged. The Washington State Supreme Court has described an "essential element" as one "whose specification is necessary to establish the very illegality of the behavior." *Johnson*, 119 Wn.2d at 147 (quoting *United States v. Cina*, 699 F.2d 853, 859 (7th Cir. 1983)). The term "elements" has also been defined as "those facts the prosecution must prove beyond a reasonable doubt to establish that the defendant committed the offense." *State v. Franklin*, 116 N.M. 565, 570, 865 P.2d 1209, 1214 (1993).[4]

---

[4] An "element of crime" is defined by Black's Law Dictionary as:

Those constituent parts of a crime which must be proved by the prosecution to sustain a conviction. . . . A term used by the common law to refer to each component of the actus reus, causation, and the mens rea that must be proved in order to establish that a given offense has occurred. The term is more broadly defined by the Model Penal Code in § 1.13(9) to refer to each component of the actus reus, causation, the mens rea, any grading factors, and the negative of any defense.

Black's Law Dictionary 520 (6th ed. 1990).

We hold that the nature of the enterprise and that persons employed therein are employed for a wage are essential elements in a charge of violating RCW 9.05.070. Without proof that the owner is involved in a specific enterprise listed in RCW 9.05.060, no conviction is possible. And without proof that the enterprise employs persons for a wage, no conviction is possible.[5]

The State responds that it is sufficient that the information informed the defendants that they had interfered with the owner's control of a vessel used in an enterprise described in RCW 9.05.060. Yet this is clearly insufficient. Including the word "vessel" does not cure the defect here. "Vessels" may be used in any of the enterprises defined in RCW 9.05.060. Thus, the word "vessel" does not give the accused notice of which enterprise forms the basis of the charge. Further, even if the word "vessel" suggests a transportation enterprise, nothing in the information tells the defendants that the particular enterprise employed persons for a wage. And the mere reference to RCW 9.05-.060 is insufficient:

> The only reasoned basis by which we could uphold the Court of Appeals decisions herein would be to conclude that a reference in a citation to the numerical code section defining the offense incorporates the contents of that code section into the citation used as a final charging document. The very real problem with so concluding, however, is that the defendant would have the burden of locating the relevant code . . . and determining the elements of the offense from the proper code section. . . . [T]hat is an unfair burden to place on an accused.

*City of Auburn v. Brooke*, 119 Wn.2d 623, 634-35, 836 P.2d 212 (1992). *See also Vangerpen*, 125 Wn.2d at 787.[6]

---

[5]For example, no conviction could be sustained under RCW 9.05.070 if all of the persons engaged in the "enterprise" were volunteers.

[6]The State claims that "a statutory citation in the body of an information is appropriate as long as the information contains all the essential element[s] of the crime charged." Once again, this appears to be a correct statement of the law, but it merely begs the question of whether the omitted language was an essential element of the crime charged.

■ The information here is insufficient; it fails to set forth two elements of the crime charged. The convictions are reversed and the charges dismissed without prejudice. *Vangerpen*, 125 Wn.2d at 791; *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985).

Further, the defendants argue that the statute should not be enforced because it has fallen into desuetude,[7] or because the statute was passed in response to an emergency that has now passed. Because the information did not contain all the essential elements of the crime charged, we need not address these contentions.

Reversed and dismissed without prejudice.

SEINFELD and HOUGHTON, JJ., concur.

---

[7]Desuetude is "[d]isuse; cessation or discontinuance of use . . . . Applied to obsolete practices and statutes." BLACK'S LAW DICTIONARY 449 (6th ed. 1990).