[No. 24399-7-II.   Division Two.   April 13, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. WAUNA KHLEE, *Appellant.*

22

*Robert W. Huffhines, Jr.*, for appellant (appointed counsel for appeal).

*Susan I. Bauer, Prosecuting Attorney*, and *Melanie P. Romo, Deputy*, for respondent.

ARMSTRONG, C.J. — The State charged Wauna Khlee with possessing a stolen firearm. The information alleged that he "did knowingly possess a .380 caliber pistol, a stolen firearm." Clerk's Papers (CP) at 1. Before trial, Khlee moved to dismiss for failure to allege: (1) that he knew the firearm was stolen, and (2) that he withheld or appropriated the firearm for the use of someone other than its owner. The trial judge denied the motion and then convicted Khlee. Because the information failed to allege that Khlee

knew the firearm was stolen, we reverse and dismiss without prejudice.

## FACTS

During a lawful search of Wauna Khlee, officers found a stolen .380 caliber semiautomatic firearm. The State charged Khlee as follows: "The defendant, in the County of Cowlitz, State of Washington, on or about October 29, 1998, did knowingly possess a .380 caliber pistol, a stolen firearm; contrary to RCW 9A.56.310 and against the peace and dignity of the State of Washington." CP at 1. After denying Khlee's pretrial motion to dismiss the charge for failing to state all elements of the offense, the court found him guilty.[1]

## ANALYSIS

■ An information must state all of the essential elements of a crime so that the accused may understand the charges and prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991); *see also* U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. " 'Elements' " are " 'those facts the prosecution must prove beyond a reasonable doubt to establish that the defendant committed the offense.' " *State v. Johnstone*, 96 Wn. App. 839, 844, 982 P.2d 119 (1999) (quoting *State v. Franklin*, 116 N.M. 565, 570, 865 P.2d 1209, 1214 (1993)).

■ ■ When the defendant challenges the information before the verdict, as Khlee did here, we strictly construe the language of the information. *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992). Under strict construction, we do "not attempt to find the missing elements by construing the wording of the document." *Johnstone*, 96 Wn. App. at 844. The language of the information must not be "inartful or vague." *Johnson*, 119 Wn.2d at 149-50. And

---

[1] The State also charged Khlee with and convicted him of possession of marijuana; he does not challenge that conviction on appeal.

a defendant who challenges an information pretrial need not show that he was prejudiced by the missing elements. *Johnson*, 119 Wn.2d at 149. Otherwise, when a defendant challenges an information *after* the verdict, the court construes the information liberally in favor of validity. *Kjorsvik*, 117 Wn.2d at 102.

Khlee argues that the information is not sufficient to allege that he knew the firearm was stolen and that he appropriated it for the use of someone other than the owner.

## I. Knowledge

■ The State agrees that it bears the burden of proving that Khlee knew the firearm was stolen. *See State v. Jennings*, 35 Wn. App. 216, 219, 666 P.2d 381 (1983). But the State argues that the language "did knowingly possess a .380 caliber pistol, a stolen firearm" sufficiently alleges that Khlee knew the firearm was stolen.

While strict construction applies here, the Washington Supreme Court has twice found inadequate charging of knowledge under the liberal construction standard. In *State v. Moavenzadeh*, 135 Wn.2d 359, 956 P.2d 1097 (1998), the information alleged that the defendant "did possess stolen property," but it did not allege that he *knowingly* possessed stolen property. *Moavenzadeh*, 135 Wn.2d at 361. The court held that the information was defective because it failed to allege that the defendant knew the property was stolen. *Moavenzadeh*, 135 Wn.2d at 363-64.

And in *State v. Simon*, 120 Wn.2d 196, 840 P.2d 172 (1992), the information alleged that the defendant "did knowingly advance and profit by compelling Bobbie J. Bartol by threat and force to engage in prostitution; and did advance and profit from the prostitution of Bobbie Bartol, a person who was less than 18 years old." *Simon*, 120 Wn.2d at 197-98. One element of the crime, which was not alleged, was knowledge that Bartol was under the age of 18. The court reasoned that "[n]o one of common understanding reading the information would know that knowledge of age

is an element of the charge of promoting prostitution of a person under 18." *Simon*, 120 Wn.2d at 199.

Under the strict construction standard, we require a clear statement of each element of the charged crime and only reluctantly will draw inferences. For example, in *Johnson*, the court held an information deficient for failing to state that the defendants knew they were delivering a controlled substance. *Johnson*, 119 Wn.2d at 150. The court rejected the State's argument that the word "unlawfully" conveyed the same meaning as "knowingly." *Johnson*, 119 Wn.2d at 150. And Divisions One and Three of this court, applying strict construction, have held that the word "steal" in an information does not allege the element that the defendant took property owned by another. *State v. Ralph*, 85 Wn. App. 82, 85-86, 930 P.2d 1235 (1997); *State v. Bacani*, 79 Wn. App. 701, 704-05, 902 P.2d 184 (1995).

Applying the strict construction standard, the information is defective for failing to allege that Khlee knew the gun was stolen. The information simply alleges that Khlee knowingly possessed the firearm. This is not the same as saying that he possessed the gun knowing it to be stolen. One can knowingly possess a gun without knowing it to be stolen.

## II. Appropriation

Khlee also argues the information is defective for failing to allege that he appropriated the firearm for the use of someone other than the owner. The statute includes appropriation as an element of the crime of knowingly possessing a stolen firearm. RCW 9A.56.140(1), .310(4). And the Washington Pattern Jury Instructions list appropriation as an element. WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 77.11, at 100 (2d ed. 1994). But no court has held appropriation to be an element of possessing stolen property.[2]

---

[2] *See, e.g.*, RCW 9A.56.140(1); RCW 9A.56.310(4); *State v. Richards*, 27 Wn. App. 703, 706, 621 P.2d 165 (1980); *see also Jennings*, 35 Wn. App. at 219 (citing RCW

Because we reverse and dismiss the information for failing to allege knowledge that the firearm was stolen, we need not decide whether appropriation is an element. If the State again charges Khlee with unlawful possession of a firearm, it may choose to allege appropriation to avoid any possible confusion. And, if it does so, it must prove appropriation in addition to the other elements of the offense.

Reversed and dismissed without prejudice.

BRIDGEWATER and HUNT, JJ., concur.

9A.56.140(1) (definition of possession of stolen property)); *State v. Summers*, 45 Wn. App. 761, 763, 728 P.2d 613 (1986).