IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33142-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| EVAN WAYNE SULLIVAN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — The liberal standard for reviewing the sufficiency of a charging document applies when a defendant challenges the document after the State rests its case. In so holding, we join Division Two of this court and depart from Division One.

But even applying the liberal standard, as the State requests, we conclude that the State's charging document was constitutionally defective. We therefore reverse Evan Sullivan's conviction for second degree assault of a child and dismiss the charge without prejudice to the right of the State to recharge in a manner consistent with this opinion.

## FACTS

The State charged Mr. Sullivan with second degree assault of a child. Prior to trial, the State amended the information twice. The second amended information alleged Mr. Sullivan was 18 years of age or older, the victim was under the age of 13, and in violation of RCW 9A.36.130(1)(a) and RCW 9A.36.021(1)(a), Mr. Sullivan, with intent to assault the victim, "did assault said child and thereby inflicted substantial bodily harm." Clerk's Papers (CP) at 9. The word "recklessly" was omitted prior to the word "inflicted."

Several times during his opening statement, Mr. Sullivan argued the State had the burden of proving he recklessly caused the child's injuries. He argued the jury could not conclude beyond a reasonable doubt that the injuries were caused recklessly, which he stated was an essential element the State must prove.

The State presented its case and then rested. Mr. Sullivan then moved to dismiss the charge on the grounds that the information failed to include the essential element of recklessness in the information. The trial court determined that the word "reckless" did not need to be in the information for Mr. Sullivan to be on notice of the crime charged and have sufficient ability to defend the case. It therefore denied Mr. Sullivan's motion.

2

Mr. Sullivan called one witness, then rested. The trial court instructed the jury and the parties presented closing arguments.

The jury found Mr. Sullivan guilty of second degree assault of a child. Prior to sentencing, Mr. Sullivan again moved the trial court to reverse his conviction on the grounds that the information failed to allege the essential element of recklessness. This time the trial court determined that recklessness *was* an essential element of second degree assault of a child, due to the number of ways a person can commit second degree assault. Because of the timing of Mr. Sullivan's original motion to dismiss, the trial court construed the information liberally. The trial court agreed with Mr. Sullivan that it could not infer the essential element of recklessness from the State's information, even applying the liberal standard. However, the trial court concluded that Mr. Sullivan was not prejudiced by the missing element of recklessness, given that he referenced the State's burden of proving recklessness in his opening statement. On that basis, the trial court denied Mr. Sullivan's posttrial motion.

Mr. Sullivan appeals.

ANALYSIS

Mr. Sullivan argues that the second amended information was constitutionally defective because it failed to allege all the essential elements of second degree assault of a child. Specifically, he contends it omitted the statutory element of "recklessly."

Criminal defendants have the constitutional right to know "the nature and cause of the accusation" against them. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. To be constitutionally sufficient, a charging document must include all essential elements of a crime, statutory and nonstatutory, so as to inform a criminal defendant of the charges and to allow the defendant to prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 101, 812 P.2d 86 (1991). A charging document that omits an essential element of the charged crime is constitutionally defective and must be dismissed without prejudice. *State v. Johnson*, 180 Wn.2d 295, 300-01, 325 P.3d 135 (2014). "'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). We review the constitutional adequacy of a charging document de novo. *State v. Goss*, 378 P.3d 154, 157 (2016).

## A. LIBERAL STANDARD APPLIES WHEN CONSTITUTIONAL CHALLENGE FIRST MADE AFTER STATE RESTS ITS CASE

Mr. Sullivan and the State dispute whether this court must apply a strict or a liberal standard in reviewing the constitutional adequacy of the second information. Mr. Sullivan asks this court to strictly construe the charging document because he challenged it immediately after the State rested, while the State argues for the liberal standard. The reason for this dispute is because the law is unsettled as to which standard applies when a defendant challenges the charging document after the State rests but before the jury reaches a verdict.

Two separate review standards exist for evaluating the constitutional adequacy of a charging document. The first is the liberal standard, under which a court has "'considerable leeway to imply the necessary allegations from the language of the charging document.'" *State v. Taylor*, 140 Wn.2d 229, 237, 996 P.2d 571 (2000) (quoting *Kjorsvik*, 117 Wn.2d at 104). The second is the strict standard, which constitutes a "bright line rule mandating dismissal" when a charging document omits an essential element of the crime. *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992).

"'The standard of review for evaluating the sufficiency of a charging document is determined by the time at which the motion challenging its sufficiency is made.'" *State v. Borrero*, 147 Wn.2d 353, 360, 58 P.3d 245 (2002) (quoting *Taylor*, 140 Wn.2d at 237).

In *Kjorsvik*, the Washington Supreme Court first examined the question of whether courts should apply a different standard of review when a defendant challenges a charging document for the first time on appeal. *See Kjorsvik*, 117 Wn.2d at 103. The *Kjorsvik* court held that "[c]harging documents which are not challenged until after the verdict will be more liberally construed in favor of validity than those challenged before or during trial." *Id.* at 102. The court reasoned that without this rule the defendant has no incentive to timely make such a challenge since it might only result in an amendment or a dismissal potentially followed by a refiling of the charge. *Id.* at 103. The court further reasoned that using a more liberal standard of review would discourage "sandbagging"— where the defendant recognizes a defect in the information but forgoes raising it before trial when a successful objection would result only in the State amending the information.[1] *Id.*

---

[1] The State and Mr. Sullivan dispute whether Mr. Sullivan *actually* "sandbagged" the State. The State argues Mr. Sullivan knew the essential elements because defense counsel repeatedly referred to the State's burden of proving recklessness in his opening statement. Mr. Sullivan responds he did not "sandbag" the State because the prosecutor acknowledged he had intended to file a third amended information and then admitted he made a mistake in not filing it prior to trial. Although the *Kjorsvik* court adopted the liberal standard of review to discourage criminal defendants from "sandbagging," *Kjorsvik* does not require trial or appellate courts to examine the record and make a finding as to whether a particular defendant *actually* engaged in "sandbagging." Therefore, this court will not attempt to resolve this issue.

The Washington Supreme Court has never expressly considered what standard of review applies when a defendant challenges a charging document after the State rests but before the jury reaches a verdict. But it has at least implicitly held that the strict standard applies in this situation. In *State v. Vangerpen*, the defendant challenged the information after the defense rested and the court expressly rejected the liberal standard of review because "the sufficiency of the information was challenged prior to verdict." 125 Wn.2d 782, 788, 888 P.2d 1177 (1995). Similarly, in *Borrero*, the defendant challenged the information immediately after the State rested and the court applied the strict standard, given that he challenged the information prior to *verdict*.[2] *Borrero*, 147 Wn.2d at 357, 360.

The Washington Court of Appeals is split on what standard of review applies when a defendant challenges a charging document after the State rests but before the jury reaches a verdict. Division One of this court has adopted the strict standard in this

---

[2] The State argues *Borrero* is distinguishable because the defendant challenged the information for the first time on appeal. This is incorrect—Aaron Borrero challenged it after the State rested. *See Borrero*, 147 Wn.2d at 357. The State similarly argues the *Vangerpen* court adopted the liberal standard because the defendant challenged the information after the State rested. This is also incorrect—the *Vangerpen* court expressly rejected the liberal standard. *See Vangerpen*, 125 Wn.2d at 788.

situation, reasoning that "the State would be at liberty to refile a complete charge, and the defendant has not taken advantage of a 'free verdict.'" *State v. Chaten*, 84 Wn. App. 85, 87, 925 P.2d 631 (1996). Division One has further reasoned that applying a liberal standard in this situation was "implicitly rejected by the Supreme Court in *State v. Vangerpen*." *Id.*; *accord State v. Thanh Dong Tang*, 77 Wn. App. 644, 647, 893 P.2d 646 (1995) ("Here [Mr.] Tang moved to dismiss at the close of the State's case and we are therefore required to strictly construe the information pursuant to *Vangerpen*.").

Division Two has reached the opposite conclusion. *See State v. Phillips*, 98 Wn. App. 936, 991 P.2d 1195 (2000). The *Phillips* court reasoned that the State generally may not amend the information after it rests, and therefore the rule should be that courts strictly construe the information when the State can still amend it and liberally construe the information when the only remedy is dismissal. *Id.* at 941-42. The court then reasoned that *Vangerpen* did not control because the information was insufficient under either standard, so therefore the *Vangerpen* court's application of the strict standard was nonbinding dicta. *Id.* at 942. Citing *Phillips*, Division Two has reaffirmed this approach. *See State v. Kiliona-Garramone*, 166 Wn. App. 16, 23, 267 P.3d 426 (2011).

Division Three has never expressly considered this specific issue, but it has implicitly adopted Division Two's approach. *See State v. Mendoza-Solorio*, 108 Wn.

8

App. 823, 830, 33 P.3d 411 (2001) (citing *Phillips*, 98 Wn. App. at 940-43). We now

make our holding explicit: Because *Kjorsvik* stated that prevention of "sandbagging" was

the purpose for applying a liberal standard of review, and because "sandbagging" could

occur once the State loses its right to amend the charging document, we agree with

Division Two that the liberal standard for reviewing a charging document should apply

after the State rests.

### B. APPLYING THE LIBERAL REVIEW STANDARD, THE SECOND INFORMATION IS CONSTITUTIONALLY DEFECTIVE

The liberal review standard employs the two-prong *Kjorsvik* test: (1) do the

necessary elements appear in any form, or by fair construction can they be found, in the

information, and if so (2) can the defendant nevertheless show he or she was actually

prejudiced by the unartful language. *Kjorsvik*, 117 Wn.2d at 105-06; *see also State v.*

*Zillyett*e, 173 Wn.2d 784, 786, 270 P.3d 589 (2012) (clarifying the rule, but adding

"nonetheless" to the second step). If the necessary elements are not found or fairly

implied on the face of the information, this court must presume prejudice and is required

to reverse without reaching the question of prejudice. *Zillyette*, 173 Wn.2d at 786. If a

court does find all essential elements, the defendant is still entitled to reversal if he or she

can show actual prejudice. *State v. Campbell*, 125 Wn.2d 797, 802, 888 P.2d 1185

(1995).

9

Under the first *Kjorsvik* prong, this court looks solely to the face of the charging document. *Kjorsvik*, 117 Wn.2d at 106. "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." *Id.* at 109. A charging document satisfies the first prong if it includes the essential elements of the offense even if it does not contain the exact statutory language. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992). "Even missing elements may be implied if the language supports such a result." *Id.* However, "[i]f the document cannot be construed to give notice of or to contain in some manner the essential elements of a crime, the most liberal reading cannot cure it." *Campbell*, 125 Wn.2d at 802.

Merely citing to the proper statute and naming the offense is insufficient unless the name of the offense apprises the defendant of all of the essential elements of the crime. *Vangerpen*, 125 Wn.2d at 787; *Zillyette*, 178 Wn.2d at 162 ("The mere recitation of a 'numerical code section' and the 'title of an offense' does not satisfy the essential elements rule."). The reasoning behind this requirement is that defendants should not have to search for the rules or regulations they are accused of violating. *Kjorsvik*, 117 Wn.2d at 101; *City of Auburn v. Brooke*, 119 Wn.2d 623, 635, 836 P.2d 212 (1992).

The State charged Mr. Sullivan with second degree assault of a child under RCW 9A.36.130(1)(a). That statute provides, in relevant part:

10

(1) A person eighteen years of age or older is guilty of the crime of assault
of a child in the second degree if the child is under the age of thirteen and
the person:
    (a) Commits the crime of assault in the second degree, as defined in
RCW 9A.36.021, against a child . . . .

RCW 9A.36.130. We quote RCW 9A.36.021 below, and emphasize the word at issue:

(1) A person is guilty of assault in the second degree if he or she, under
circumstances not amounting to assault in the first degree:
    (a) Intentionally assaults another and thereby *recklessly* inflicts
substantial bodily harm . . . .

(Emphasis added.) Thus, "second degree assault comprises two discrete acts, each with

its own mental state—intentional assault and reckless infliction of substantial bodily

harm."[3] *State v. McKague*, 159 Wn. App. 489, 509, 246 P.3d 558, *aff'd*, 172 Wn.2d 802,

262 P.3d 1225 (2011).

Here, the second amended information alleged:

That the said **EVAN WAYNE SULLIVAN** in the County of Benton, State
of Washington, during the time intervening between the 5th day of April,
2013, and the 5th day of May, 2013, in violation of RCW 9A.36.130(1)(a)
AND RCW 9A.36.021(1)(a) being eighteen years of age or older and with
intent to assault A.K.G., (D.O.B.: 10/25/2012) a child under the age of

---

[3] Washington courts have held that the failure to allege the element of intent to
assault does not render a charging document defective because the common
understanding of the word "assault" implies intent. *E.g.*, *Taylor*, 140 Wn.2d at 242-43;
*State v. Davis*, 119 Wn.2d 657, 663, 835 P.2d 1039 (1992); *Chaten*, 84 Wn. App. at 87.
Although Washington courts will infer intent to assault in a charging document, neither
the dictionary definition nor the common understanding of the word "assault" reasonably
implies the element of recklessness as to the resulting harm.

11

thirteen, did assault said child and thereby inflicted substantial bodily harm, to wit: inflicted trauma to head and/or leg resulting in a skull fracture and/or tibia fracture, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.

CP at 9.

The second amended information omits the word "recklessly." Even a liberal reading of the information does not allow for the missing word, as the trial court itself determined.

The State argues the second degree assault of a child statute, RCW 9A.36.130, only lists three elements the State must prove—(1) that the defendant is 18 or older, (2) that the child is under 13, and (3) that the defendant committed the crime of second degree assault as defined in RCW 9A.36.021 against a child—and therefore it was not required to allege any of the elements in the actual second degree assault statute. We note that the State fails to cite any authority for this argument. Mr. Sullivan argues the second degree assault of a child statute incorporates second degree assault, and therefore the State was required to allege all of that statute's elements.

Division Two addressed a similar situation in *State v. Johnstone*, 96 Wn. App. 839, 982 P.2d 119 (1999). There, the State charged the defendants with criminal "interference with owner's control" under former RCW 9.05.070 (1998). *Id.* at 843. That statute required the State to prove that the defendants intended to "impair the owner's

12

management or control of any enterprise described in [former] RCW 9.05.060 [(1998)]."

Former RCW 9.05.070. Former RCW 9.05.060 defined enterprise as "any agricultural,

stockraising, lumbering, mining, quarrying, fishing, manufacturing, transportation,

mercantile, or building enterprise wherein persons are employed for wage." *See*

*Johnstone*, 96 Wn. App. at 843. The State's information alleged that the defendants

"impair[ed] the owner's management or control of any enterprise described in [former]

RCW 9.05.060," but it did not specify which of the enterprises in former RCW 9.05.060

the defendants allegedly interfered with or that the enterprise was one where persons were

"employed for [a] wage." *Johnstone*, 96 Wn. App. at 843. Construing the information

strictly, the court held this rendered the information constitutionally deficient. *Id.* at 844-

46. The court reasoned that the nature of the enterprise and the fact that persons were

employed for a wage were necessary to establish the illegality of the defendants'

behavior, thus making them essential elements for a conviction under former

RCW 9.05.070. *Id. at* 845.

Importantly, the court further held that the reference to former RCW 9.05.060 in

the information was insufficient. *Id.* The court reasoned that holding otherwise would

mean that the defendants "would have the burden of locating the relevant code . . . and

determining the elements of the offense from the proper code section," and that was "an

13

unfair burden to place on an accused." *Id.* (quoting *Brooke*, 119 Wn.2d at 634-35); *see also State v. Cipriano Bahit Nonog*, 169 Wn.2d 220, 229, 237 P.3d 250 (2010) (assuming, without deciding, that the underlying crime is an element of the actual crime with which the defendant is being charged, and that to be constitutionally adequate the information as a whole needs to reasonably apprise the defendant of the underlying crime).

Here, like in *Johnstone*, an allegation that Mr. Sullivan recklessly caused the resulting injuries was necessary to establish the illegality of his behavior, thus making it an essential element for a conviction under RCW 9A.36.130(1)(a).[4] Without alleging Mr. Sullivan recklessly caused the resulting injury, the State's second amended information did not actually allege criminal behavior. Further, the information's reference to RCW 9A.36.021(1)(a) is insufficient because, as the *Johnstone* court held, this would shift the burden to Mr. Sullivan to locate the relevant statute and determine the elements

---

[4] After briefing was complete, the State filed a statement of additional authorities, citing *Goss*. There, the State charged Michael Goss with second degree child molestation. *Goss*, 378 P.3d at 156. The court held the charging document was constitutionally sufficient even though it omitted the statutory phrase who "was at least 12 years old." *Id.* at 160. The court reasoned that inclusion of the statutory phrase was unnecessary because the State did not need to prove that the victim was at least 12 years old. *Id.*

*Goss* is distinguishable. Here, the State was required to prove the reckless element.

14

of the offense. It is well settled that citing to the proper statute and naming the offense is insufficient to satisfy the essential elements rule.

Applying the first prong of *Kjorsvik*, it is apparent "recklessly" does not appear in any form in the State's second amended information. Because the reckless element is missing entirely, Mr. Sullivan need not show prejudice. *Zillyette*, 173 Wn.2d at 786.

C.  MR. SULLIVAN DID NOT WAIVE HIS CONSTITUTIONAL CHALLENGE

The State argues Mr. Sullivan waived his right to challenge the information by not requesting a bill of particulars. However, there is a difference between a constitutionally defective charging document and a vague charging document. *State v. Leach*, 113 Wn.2d 679, 686-87, 782 P.2d 552 (1989). A defendant may not challenge a constitutionally *sufficient* charging document for "vagueness" on appeal if he or she did not request a bill of particulars at trial. *Id.* at 687; *Nonog*, 169 Wn.2d at 225 n.2. Mr. Sullivan does not argue the State's information was vague—he argues it was constitutionally defective because it failed to allege recklessness. He, therefore, did not waive his right to challenge the information by not requesting a bill of particulars.

## CONCLUSION

Even applying the liberal review standard, the second amended information was constitutionally defective. Because the charging document was constitutionally defective,

15

No. 33142-3-III
*State v. Sullivan*

binding precedent requires that we reverse the conviction even without Mr. Sullivan showing how he was prejudiced. We therefore reverse Mr. Sullivan's conviction and dismiss the second degree assault of a child charge without prejudice to the right of the State to recharge and retry either the same offense or any lesser included offense. *See Vangerpen*, 125 Wn.2d at 791-95.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

16