IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36185-3-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHELBY LEIGH GIBSON, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — The State appeals the dismissal of a district court citation charging Shelby Gibson with the crime of assault in the fourth degree without the citation alleging that Gibson committed the assault with intent. Because the citation also omitted any allegation as to the underlying acts committed by Gibson, we affirm.

## FACTS

On appeal, the parties dispute only the adequacy of the charging document. The underlying facts of the alleged crime lack relevance.

## PROCEDURE

The State of Washington charged Shelby Gibson in district court with one count of assault in the fourth degree. Stevens County Sheriff Deputy Travis Feldner issued the citation charging Gibson. The citation alleged that Gibson violated statute "9A.36.041"

and further alleged that Gibson "DID THEN AND THERE COMMIT EACH OF THE

FOLLOWING OFFENSES[:] ASSAULT 4TH DEGREE." District Court Clerk's Papers

(DCP) at 6 (capitalization in original).

The district court conducted a jury trial. At the close of Shelby Gibson's case, she

moved to dismiss the charge because the terse charging document violated her

constitutional rights. Gibson claimed the document did not include all the elements of

assault and, therefore, did not properly inform her of the crime charged. The State

disagreed. In the alternative, the State asked to file a substituted complaint.

The trial court granted the motion to dismiss. In her oral ruling, the district court

stated the reason for finding the citation deficient:

> [F]ailure of charging document, in that the state did not file a
> substitute complaint prior to resting their case and the citation did not
> include an essential element of the crime charge.

DCP at 5. On September 25, 2017, the district court entered findings of fact and

conclusions of law. In conclusion of law 3, the court wrote:

> 3.9     The criminal citation in the case at hand does not contain any
> information regarding the element of assaulting another or of intent and is
> constitutionally deficient.

DCP at 4.

The State appealed the dismissal of the charges against Shelby Gibson to the

superior court. The superior court affirmed the district court on the basis that common

law requires that the citation include the word "intent" and the citation lacked the word.

LAW AND ANALYSIS

On appeal, the State contends that the document charging Shelby Gibson of assault in the fourth degree did not need to explicitly state the element of "intent" in order to survive constitutional challenge. The State emphasizes that even laypeople commonly understand that the term "assault" means an intentional act such that the citation gave Gibson sufficient notice of the elements of the charge.

Federal and state law require that a defendant know the nature of the crime with which he or she is charged. The United States Constitution, Amendment VI declares, in part:

> In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation.

The Washington Constitution, Article I, section 22 (amendment 10) reads:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him.

Washington State follows the essential elements rule which demands that the instrument charging a defendant with a crime contains sufficient information regarding the charges against him or her. The essential elements rule applies to all charging documents, and, therefore, district court citations must include all essential elements of the crime charged. *Auburn v. Brooke*, 119 Wn.2d 623, 627, 836 P.2d 212 (1992). Under

3

the rule, a charging document passes constitutional scrutiny only if the document includes all essential elements of a crime, statutory and nonstatutory, so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense. *State v. Taylor*, 140 Wn.2d 229, 235, 996 P.2d 571 (2000); *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). The charging document need not state the statutory elements of the offense in the precise language employed in the statute, and instead may use words conveying the same meaning and import as the statutory language. *State v. Taylor*, 140 Wn.2d at 235-36.

The State cited Shelby Gibson with fourth degree assault. RCW 9A.36.041 spartanly defines the crime:

> (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

Because the Washington criminal code does not define the term "assault," Washington law borrows from the common law for the word's definition. *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). Washington recognizes three definitions of assault: (1) an unlawful touching; (2) an attempt with unlawful force to inflict bodily injury on another, tending to accomplish it; and (3) putting another in apprehension of harm. *State v. Elmi*, 166 Wn.2d at 215. Fourth degree assault requires intent. *State v. Davis*, 119 Wn.2d 657,

4

662, 835 P.2d 1039 (1992). But the State argues that the word "assault" imports the essential element of an intentional mens rea.

This division of the Court of Appeals applies a liberal standard for reviewing a charging document after the State rests. *State v. Sullivan*, 196 Wn. App. 314, 382 P.3d 736 (2016). This standard requires satisfaction of two prongs: (1) do the necessary elements of the crime appear in any form, or by fair construction can they be found in the information, and, if so, (2) can the accused nevertheless show he or she suffered actual prejudice by the unartful language. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991); *State v. Sullivan*, 196 Wn. App. 314 at 322-23. Still, if the citation lacks an express rendering of the charged crime's elements or if the reader cannot fairly imply the elements, the court presumes prejudice and dismisses the charges. *State v. Sullivan*, 196 Wn. App. 314, 323, 382 P.3d 736 (2016).

Another rule grows from the two-prong test. The charging instrument fails to impart satisfactory notice to the accused if the instrument omits the essential elements of a crime in such a way that the accused lacks notice of both the illegal conduct and the crime charged. *State v. Taylor*, 140 Wn.2d 229, 236-37, 996 P.2d 571 (2000). We reject the State's contention that Shelby Gibson's citation survives constitutional challenge because the citation gives no notice of the alleged illegal conduct even though one could read the crime's element of intent into the citation.

Washington courts have held that charges of various degrees of assault need not include the word "intent" or "intentional." *State v. Taylor*, 140 Wn.2d 229, 996 P.2d 571 (2000); *State v. Davis*, 119 Wn.2d 657, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992); *State v. Chaten*, 84 Wn. App. 85, 925 P.2d 631 (1996). In so holding, the courts adopted the reasoning that the average person understands that an assault entails intentional action and that dictionaries define "assault" as an intentional act. The courts rejected the respective defendants' argument that some degrees of assault entail unintentional conduct such that the accused needs to know the mens rea of the assault charged. The courts rested on the consistent interpretation of assault as an intentional act.

We consider *State v. Taylor*, 140 Wn.2d 229, 996 P.2d 571 (2000); *State v. Davis*, 119 Wn.2d 657, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992); *State v. Chaten*, 84 Wn. App. 85, 925 P.2d 631 (1996) distinguishable. The Supreme Court, in *State v. Taylor*, observed the information alleged that the accused, Cassandra Taylor, assaulted the victim by "pushing, kicking and punching the victim in the face." 140 Wn.2d at 242. The factual allegations, according to the court, pictured intentional conduct. Thus, when constructing the information as a whole, the language gave Taylor notice that the State charged her with an intentional crime. Taylor had filed a

6

notice of special defense claiming self-defense, which filing confirmed her knowledge of

being charged with an intentional assault.

In *State v. Davis*, the State charged Darvil Davis with second and fourth degree

assault. The information charged:

> That the defendant Darvil [sic] Davis, in King County, Washington,
> on or about August 1, 1988, did assault Darlynn Ferguson;
> Contrary to RCW 9A.36.041, and against the peace and dignity of
> the state of Washington.

*State v. Davis*, 119 Wn.2d at 662 (alteration in original). The high court found the

charging document sufficient. The Supreme Court observed that the information did not

merely include the name of the offense. The information used ordinary and concise

language that Davis "did assault Darlynn Ferguson." *State v. Davis*, 119 Wn.2d at 662.

Davis would understand that assaulting his girlfriend entailed an intentional act.

In *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992), the State charged Steven

Hopper with second degree assault on a law enforcement officer. The crime requires

proof of use of a dangerous weapon, but lowers the mens rea to "knowingly." The

information alleged:

> That the defendant . . . did *assault* Officer D. Shelton . . . with a
> ~~deadly~~ [sic] weapon, and other instrument or thing likely to produce bodily
> harm, to-wit: a flashlight.

No. 36185-3-III
*State v. Gibson*

*State v. Hopper*, 118 Wn.2d at 154 (alteration in original). The court found the language in the information demonstrated a sufficient description of the conduct allegedly committed by the accused.

In all of the Supreme Court decisions, the court ruled that the word "assault" conveyed the element "intent" in the context of describing the act done by the accused, not simply by naming the crime charged. Shelby Gibson's citation failed to include any description of conduct relating to intent or assault of another. The citation did not identify any victim. The citation did not describe any of the conduct that allegedly comprised the assault.

CONCLUSION

We affirm the dismissal of the citation against Shelby Gibson.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

I CONCUR:

Lawrence-Berrey, C.J.

8

No. 36185-3-III

KORSMO, J. (dissenting) — The questions presented by this appeal have previously been answered by our appellate courts. Each reviewing court has found a different reason to reject the citation filed in this case. Each rationale fails under our case law. The trial court ruling should be reversed and this case remanded for retrial.

Before turning to those problems, a critical point is to note what all of us agree on. A charging document filed in this state must contain all of the essential elements of the crime. *E.g.*, *State v. Leach*, 113 Wn.2d 679, 694-695, 782 P.2d 552 (1989). However, the cases analyzing essential elements challenges frequently turn on the factual expression of those elements in the particular charging document at issue. That is not a concern when dealing with cases charged by citation. It is the failure to appreciate the distinction that leads me to dissent.

The majority opinion recognized the errors made by the lower courts, but created its own error by relying on cases construing the *factual* sufficiency of prosecutor-filed charging documents rather than turning to the cases dealing with the adequacy of citations. The rules governing citation forms are different from those governing complaints and informations. By relying on the wrong case law, the majority opinion needlessly conflicts with multiple opinions.

Unlike lawyer-generated charging documents, citations typically are issued by law enforcement officers. CrRLJ 2.1(b)(1). In order to release someone without need of booking him or her into jail and an ensuing first court appearance, an officer can issue a citation that advises the suspect of the charges and secures his/her promise to appear in court. *Id.* The benefits of this "catch and release" policy to both the offender and the court are clear. But one trade-off is that non-lawyers are left the task of charging the offense and must do so on a court-prescribed form. *Id.* The Washington Supreme Court recognized that citation forms need not provide factual descriptions of the conduct because the offender is at the scene and is knowledgeable about the incident. *Leach*, 113 Wn.2d at 694, 698. As stated there:

> Complaints must be more detailed since they are issued by a prosecutor who was not present at the scene . . . . Citations, however, are generally issued by law enforcement officers who have personal contact with defendants at the scene. Defendants charged by citation are necessarily aware of the particular incidents for which officers are charging them. They presumably know the *facts* underlying their charges. . . . Differing procedures and requirements for charging by complaint and by citation and notice do not violate due process and equal protection rights.

*Id.* at 698 (italics in original).

The *Leach* distinction between the factual sufficiency required in a prosecutor-initiated charging document and the lack of need for factual discussion in a citation has long been recognized. *Auburn v. Brooke*, 119 Wn.2d 623, 633-634, 836 P.2d 212 (1992); *State v. Plano*, 67 Wn. App. 674, 676-677, 838 P.2d 1145 (1992). It also continues in the

rules governing district court charging. The current rule permitting charging by citation does not require any factual allegations. *See* CrRLJ 2.1(b)(3). The majority's decision to the contrary conflicts with *Leach* and *Brooke* and their progeny, as well as with the current (and former) district court criminal rules.

The superior court in its RALJ appeal review, found that the implied element of "intent" was omitted from the citation form. The majority correctly rejects this argument. The word "assault" conveys the intent element. *State v. Davis*, 119 Wn.2d 657, 663, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 158, 822 P.2d 775 (1992).

The district court judge, while also asserting that "intent" was missing from the citation, primarily relied on the absence of the purported element that the defendant assaults "another." The majority likewise includes this missing "element" in its conclusion. However, this court previously rejected that argument in *Plano*. There the defendant argued that the identity of the victim was an essential element of a *citation*. 67 Wn. App. at 675. In a *per curiam* opinion, this court disagreed, ultimately concluding that the defendant had "failed to persuade this court that the name of the alleged victim is a statutory element of the crime of assault in the fourth degree." *Id*. at 679. The majority's opinion directly conflicts with *Plano* on this point.

The victim's name is merely the expression of the statutory phrase "assaults another" and is the object of the transitive verb, "assault." If, as the district court judge reasoned, "another" was an essential element of assault, then *Plano* is incorrect because

3

either "another" or the name of the other person needed to be included in the citation to fulfill that function. But, as *Leach* and *Plano* teach, factual allegations need not be included in a citation. The district court judge, however, was required to follow *Plano* and the majority ought to at least explain why it is not doing so if it intends to change the law governing citations.

While I am probably more nostalgic than most people, I cannot claim that this unnecessary detour into 1980s district court charging document history has been an enjoyable return to my youth. More on point is George Santayana's observation that those "who cannot remember the past are doomed to repeat it." GEORGE SANTAYANA, THE LIFE OF REASON: REASON IN COMMON SENSE 284 (1905).

I fear that is what happened here. Fourth degree assault is one of the few criminal offenses that can be properly charged by citation on the forms prescribed by our court. Since nearly every other misdemeanor offense must be charged by complaint, prosecutors typically supersede citations with complaints once they become involved in a case. It is best practice to do so in all cases in order to avoid having to respond to requests for bills of particular, CrRLJ 2.4(e), and to hone a case for trial. That should have been done here once the judge inquired about whether the case was proceeding under the citation, if for no reason other than to have avoided multiple layers of appeal.

However, that practice was not followed here and did not need to be. "Fourth degree assault" properly alleges the essential elements of that crime when charged by

4

citation since no factual statement is needed. The majority's opinion conflicts with

*Leach*, 113 Wn.2d 679, *Brooke*, 119 Wn.2d 623 and *Plano*, 67 Wn. App. 674, as well as

with other cases following those. Accordingly, I dissent.

Korsmo, J.