IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36185-3-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHELBY LEIGH GIBSON, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — The State appeals the dismissal of a district court citation charging Shelby Gibson with the crime of assault in the fourth degree without the citation alleging that Gibson committed the assault with intent. Because the citation stated all the essential elements of the charge and is not required to state the underlying conduct, we reverse.

FACTS

On appeal, the parties dispute only the adequacy of the charging document. The underlying facts of the alleged crime lack relevance.

PROCEDURE

The State of Washington charged Shelby Gibson in district court with one count of assault in the fourth degree. Stevens County Sheriff Deputy Travis Feldner issued the citation charging Gibson. The citation alleged that Gibson violated statute "9A.36.041" and further alleged that Gibson "DID THEN AND THERE COMMIT EACH OF THE FOLLOWING OFFENSES ASSAULT 4TH DEGREE." Clerk's Papers (CP) at 6 (capitalization in original).

The district court conducted a jury trial. At the close of Shelby Gibson's case, she moved to dismiss the charge because the terse charging document violated her constitutional rights. Gibson claimed the citation did not include all the elements of assault and, therefore, did not properly inform her of the crime charged. The State disagreed. In the alternative, the State asked to file a substituted charging document.

The trial court granted the motion to dismiss. In her oral ruling, the district court stated the reason for finding the citation deficient:

> [F]ailure of charging document, in that the state did not file a substitute complaint prior to resting their case and the citation did not include an essential element of the crime charge.

CP at 5. On September 25, 2017, the district court entered findings of fact and conclusions of law. In conclusion of law 3, the court wrote:

> 3.9 The criminal citation in the case at hand does not contain any information regarding the element of assaulting another or of intent and is constitutionally deficient.

2

No. 36185-3-III
*State v. Gibson*


CP at 4.

The State appealed the dismissal of the charges against Shelby Gibson to the superior court. The superior court affirmed the district court on the basis that the common law requires that the citation include the word "intent" and the citation lacked the word. This court granted discretionary review.

LAW AND ANALYSIS

On appeal, the State contends that the document charging Shelby Gibson of assault in the fourth degree did not need to explicitly state the element of "intent" in order to survive constitutional challenge. The State emphasizes that even laypeople commonly understand that the term "assault" means an intentional act such that the citation gave Gibson sufficient notice of the elements of the charge.

Federal and state law require that a defendant know the nature of the crime with which he or she is charged. United States Constitution, amendment VI declares, in part:

> In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation.

Washington Constitution, article I, § 22 (amendment 10) reads:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him.

Washington State follows the essential elements rule which demands that the instrument charging a defendant with a crime contains sufficient information regarding

3

the charges against him or her.  The essential elements rule applies to all charging documents, and, therefore, district court citations must include all essential elements of the crime charged.  *City of Auburn v. Brooke*, 119 Wn.2d 623, 627, 836 P.2d 212 (1992).  Under the rule, a charging document passes constitutional scrutiny only if the document includes all essential elements of a crime, statutory and nonstatutory, so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense.  *State v. Taylor*, 140 Wn.2d 229, 235, 996 P.2d 571 (2000); *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995).  The charging document need not state the statutory elements of the offense in the precise language employed in the statute and instead may use words conveying the same meaning and import as the statutory language.  *State v. Taylor*, 140 Wn.2d at 235-36.

We first consider the nature of the charging document.  Although the essential elements rule applies equally no matter the nature of the charging document, the extent of the contents of the respective charging documents may differ.

As a general rule, the charging document used to initiate criminal proceedings is a complaint.  CrRLJ 2.1(a)(1).  A complaint is required to be "a plain, concise and definite written statement of the essential facts constituting the offense charged."  CrRLJ 2.1(a)(2).

A citation may serve as the charging document and suffice to initiate a proceeding "[w]hen signed by the citing officer and filed with a court of competent jurisdiction."

CrRLJ 2.1(b)(5). The detail required in a complaint is not required in a citation. *See* CrRLJ 2.1(b). A lesser standard of sufficiency is permitted in a citation as a responding officer signs the document. *State v. Dukowitz*, 62 Wn. App. 418, 421, 814 P.2d 234 (1991). The defendant is presumably aware of the facts underlying the charge and knows the incident to which the charge refers. *State v. Dukowitz*, 62 Wn. App. at 421.

The State cited Shelby Gibson with fourth degree assault. RCW 9A.36.041 spartanly defines the crime:

> A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

Because the Washington criminal code does not define the term "assault," Washington law borrows from the common law for the word's definition. *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). Washington recognizes three definitions of assault: (1) an unlawful touching; (2) an attempt with unlawful force to inflict bodily injury on another, tending to accomplish it; and (3) putting another in apprehension of harm. *State v. Elmi*, 166 Wn.2d at 215-16. Although the assault statutes do not employ the word "intent," intent is an essential element of assault. *State v. Taylor*, 140 Wn.2d at 233 (2000); *State v. Baker*, 136 Wn. App. 878, 881, 151 P.3d 237 (2007). But the State argues that the word "assault" imports the essential element of an intentional mens rea.

This division of the Court of Appeals applies a liberal standard for reviewing a charging document after the State rests. *State v. Sullivan*, 196 Wn. App. 314, 382 P.3d

5

736 (2016). This standard requires satisfaction of two questions: (1) do the necessary elements of the crime appear in any form or by fair construction can they be found in the charging document, and, if so, (2) can the accused nevertheless show he or she suffered actual prejudice by any unartful language. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991); *State v. Sullivan*, 196 Wn. App. at 322; *City of Auburn v. Brooke*, 119 Wn.2d at 635. Still, if the citation lacks an express rendering of the charged crime's elements or if the reader cannot fairly imply the elements, the court presumes prejudice and dismisses the charges. *State v. Sullivan*, 196 Wn. App. at 323 (2016). This latter statement of the law conflates the two prongs.

Another rule grows from the two-prong test. The charging instrument fails to impart satisfactory notice to the accused if the instrument omits the essential elements of a crime in such a way that the accused lacks notice of both the illegal conduct and the crime charged. *State v. Taylor*, 140 Wn.2d at 236-37 (2000). We accept the State's contention that Shelby Gibson's citation survives constitutional challenge because the citation gives notice of the crime charged, and we must assume that she knew of the alleged illegal conduct underlying the crime.

Washington courts have held that charges of various degrees of assault need not include the word "intent" or "intentional." *State v. Taylor*, 140 Wn.2d 229 (2000); *State v. Davis*, 119 Wn.2d 657, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992); *State v. Chaten*, 84 Wn. App. 85, 925 P.2d 631 (1996). In so holding,

the courts adopted the reasoning that the average person understands that an assault entails intentional action and that dictionaries define "assault" as an intentional act. The courts rejected the respective defendants' argument that some degrees of assault entail unintentional conduct such that the accused needs to know the mens rea of the assault charged. The courts rested on the consistent interpretation of assault as an intentional act.

In *State v. Davis*, 119 Wn.2d 657 (1992), the State charged Davil Davis with second and fourth degree assault. The information charged:

> That the defendant Darvil [sic] Davis, in King County, Washington, on or about August 1, 1988, did assault Darlynn Ferguson;
> Contrary to RCW 9A.36.041, and against the peace and dignity of the state of Washington.

*State v. Davis*, 119 Wn.2d at 662 (alteration in original). The high court found the charging document sufficient. The Supreme Court observed that the information "contained all of the essential elements of fourth degree assault." *State v. Davis*, 119 Wn.2d at 661. The information used ordinary and concise language that Davis "did *assault* Darlynn Ferguson" in its factual expression of the conduct underlying the charge. *State v. Davis*, 119 Wn.2d at 662 (emphasis added). The term assault conveyed the court-implied element of intent.

In *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992), the State charged Steven Hopper with second degree assault on a law enforcement officer. The crime requires

proof of use of a dangerous weapon, but lowers the mens rea to "knowingly."  The

information alleged:

> That the defendant . . . did *assault* Officer D. Shelton . . . with a
> ~~deadly~~ [sic] weapon, and other instrument or thing likely to produce bodily
> harm, to-wit: a flashlight.

*State v. Hopper*, 118 Wn.2d at 154 (emphasis added) (alterations in original).  The court

found the language in the information demonstrated a sufficient description of the

conduct allegedly committed by the accused.

In *State v. Hopper* and *State v. Davis*, the reviewing courts applied the liberal

standard of construction we employ here and determined that the elements essential to the

assault charges were found in the factual expressions of the conduct underlying the

charge.  More specifically, the courts determined the term "assault" conveyed the element

of intent.

Consideration of *State v. Taylor*, 140 Wn.2d 229 (2000) does not alter our

decision.  The Supreme Court, in *State v. Taylor*, concluded that under either a liberal or

strict standard of review the meaning of the term "assault" does not vary.  The term

conveys the nonstatutory element of intent.  *State v. Taylor*, 140 Wn.2d at 245.  The high

court observed that the information alleged that the accused, Cassandra Taylor, assaulted

the victim by "pushing, kicking and punching the victim in the face."  *State v. Taylor*,

140 Wn.2d at 242.  The factual allegations, according to the court, also pictured

intentional conduct.  Thus, even under application of a strict standard of review, when

constructing the information as a whole, the term "assault" as well as the language conveying the specific manner of assault gave Taylor notice that the State charged her with an intentional crime. *State v. Taylor* does not require Shelby Gibson's citation to include additional terms such as push, kick or punch to convey intent.

In all of the Supreme Court decisions, the court ruled that the word "assault" conveyed the element "intent" in the context of describing the act done by the accused. Although the citation against Shelby Gibson gives no description of conduct, it is not required to do so provided all the elements of the charge are present. Gibson's citation states that she violated 9A.36.041 and committed the offense of "ASSAULT 4TH DEGREE." The element of intent is conveyed by the term assault.

Because we hold that no description of underlying conduct is required, we similarly determine that language specific to "assaults another" need not be stated in Gibson's citation.

## CONCLUSION

We reverse the dismissal of the citation against Shelby Gibson and remand for further proceedings.

9

No. 36185-3-III
*State v. Gibson*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.


_____
Fearing, J.

WE CONCUR:

_____          _____
Korsmo, A.C.J.                              Lawrence-Berrey, J.